REGIONAL ACCEPTANCE CORPORATION v. HELEN A. POWERS, SECRETARY, NORTH CAROLINA DEPARTMENT OF REVENUE

No. 457PA89

(Filed 26 July 1990)

**Bills and Notes ,§ 1 (NCI3d); Taxation § 32 (NCI3d)— intangibles tax — agreement meeting definition of note**

An agreement between parties met the legal and accounting definitions of the term "note" and complied with the definition of "note" in N.C.G.S. § 25-3-104, so that amounts owed by plaintiff thereunder could be deducted against notes receivable for intangibles tax purposes, where plaintiff was in the business of making consumer loans to clients secured by promissory notes; plaintiff entered into a Rediscount Financing Security Agreement under which Walter E. Heller & Company advanced funds to plaintiff and plaintiff granted Heller a security interest in the promissory notes plaintiff received from its consumers; the agreement between plaintiff

REGIONAL ACCEPTANCE CORP. v. POWERS

[327 N.C. 274 (1990)]

and Heller allowed plaintiff to borrow from Heller funds limited by a stated percentage of plaintiff's consumer notes; and plaintiff unconditionally promised to repay the loan funds on demand to Heller and to pay interest monthly at a specified percentage rate.

**Am Jur 2d, Bills and Notes § 21.**

ON discretionary review pursuant to N.C.G.S. § 7A-31(b) prior to a determination by the Court of Appeals of a decision granting summary judgment in favor of defendant entered by *Bowen, J.,* at the 3 July 1989 Session of Superior Court, WAKE County. Heard in the Supreme Court 14 May 1990.

*Adams, McCullough & Beard, by John J. Butler, for the plaintiff-appellant.*

*Lacy H. Thornburg, Attorney General, by Marilyn R. Mudge, Assistant Attorney General, for the North Carolina Department of Revenue.*

MARTIN, Justice.

Regional Acceptance Corporation ("RAC") is a North Carolina corporation with its principal place of business in Greenville, North Carolina. It is in the business of making consumer loans to clients secured by promissory notes. On 26 April 1978, RAC entered into a Rediscount Financing Security Agreement ("Agreement") with Walter E. Heller & Company ("Heller"). Pursuant to the Agreement, Heller advanced funds to RAC and RAC granted Heller a security interest in the promissory notes RAC received from its consumers.

In 1983, 1984 and 1985 RAC timely filed intangible personal property tax returns and listed the promissory notes held by it. The taxpayer classified the amounts owed to Heller as notes payable and deducted them from its taxable promissory notes pursuant to N.C.G.S. § 105-202. As a result, RAC owed no intangibles tax.

The North Carolina Department of Revenue ruled that the obligation of the taxpayer to Heller was an account payable under N.C.G.S. § 105-201 and not a note or other evidence of debt under N.C.G.S. § 105-202. Since accounts payable are not deductible, the Department determined the assessments against the taxpayer to be as follows:

REGIONAL ACCEPTANCE CORP. v. POWERS

[327 N.C. 274 (1990)]

| Year | Tax | Penalty | Interest | Total |
|------|-----|---------|----------|-------|
| 1983 | $10,360.33 | $1,036.03 (10%) | $2,175.67 | $13,572.03 |
| 1984 | $14,334.95 | $1,433.50 (10%) | $1,720.19 | $17,488.64 |
| 1985 | $15,440.39 | $2,316.06 (15%) | $ 463.21 | $18,219.66. |
| | | | | $49,280.33 |

On 21 July 1986, the North Carolina Department of Revenue, Intangibles Tax Division, issued Notices of Tax Assessment to the taxpayer in the amount of $49,280.33. RAC timely objected in a letter dated 12 August 1986 and requested a hearing before the Secretary of Revenue pursuant to N.C.G.S. § 105-241.1(c). The hearing was held on 17 February 1988 and the Secretary upheld the assessments but waived the penalties based on a finding that RAC's classification of the obligations was not in bad faith.

The Department of Revenue duly notified RAC of the amended assessments which are as follows:

| Year | Tax | Interest | Total |
|------|-----|----------|-------|
| 1983 | $10,360.33 | $3,885.12 | $14,245.45 |
| 1984 | $14,334.95 | $4,085.46 | $18,420.41 |
| 1985 | $15,440.39 | $3,010.88 | $18,451.27 |
| | | | $51,117.13 |

RAC paid the proposed assessment in the amount of $51,117.13 on 8 June 1988 and filed a Claim for Refund of Taxes on the ground that the obligations in question were improperly characterized by the Department of Revenue. By letter dated 14 July 1988 the Department of Revenue acknowledged receipt of payment but denied RAC's demand for refund.

Having exhausted its administrative remedies, RAC properly filed suit in the Superior Court of Wake County for a refund of the assessments paid, $51,117.13, plus interest from 8 June 1988 pursuant to N.C.G.S. § 105-267. Both parties subsequently moved for summary judgment and on 15 July 1989 the trial court entered summary judgment for defendant. RAC gave notice of appeal and this Court granted discretionary review prior to a determination by the Court of Appeals.

**REGIONAL ACCEPTANCE CORP. v. POWERS**

[327 N.C. 274 (1990)]

The relevant statutes in pertinent part are:

All accounts receivable on December 31 of each year, having a business, commercial or taxable situs in this State . . . , shall be subject to an annual tax. . . . Provided, that from the face value of such accounts receivable there may be deducted the accounts payable of the taxpayer as of the valuation date of the accounts receivable: Provided further, that no deduction in any case shall be allowed under this section of any indebtedness of the taxpayer on account of capital outlay, permanent additions to capital or purchase of capital assets.

N.C.G.S. § 105-201 (1989).

All bonds, notes, and other evidences of debt however evidenced whether secured by mortgage, deed of trust, judgment or otherwise, or not so secured, having a business, commercial or taxable situs in this State on December 31 of each year shall be subject to an annual tax . . . provided, that from the actual value of such bonds, notes, and other evidences of debt there may be deducted like evidences of debt owed by the taxpayer as of the valuation date of the receivable evidences of debt. The term "like evidences of debt" deductible under this section shall not include:

(1) Accounts payable; . . .

N.C.G.S. § 105-202 (1989).

Both parties concede by their pleadings that the obligations received by RAC securing its consumer loans are promissory notes. Therefore, N.C.G.S. § 105-201 is not pertinent to this appeal. The sole issue before us is whether RAC's obligations to Heller should be classified as accounts payable or as notes pursuant to N.C.G.S. § 105-202. If the obligations were properly classified by the taxpayer as notes, then the statute allows them to be deducted for intangibles tax purposes to offset the "evidences of debt" between RAC and its consumers and the taxpayer has been wrongfully assessed. If, however, the obligations should have been characterized as accounts payable as the Department of Revenue contends, the taxpayer is not entitled to said offset.

When there is a doubt as to the meaning of a statute levying a tax, it is to be strictly construed against the state and in favor of the taxpayer. *In re Clayton-Marcus Co.*, 286 N.C. 215, 219, 210

**REGIONAL ACCEPTANCE CORP. v. POWERS**

[327 N.C. 274 (1990)]

S.E.2d 199, 202 (1974). Here, doubt arises because the statutes fail to define "note." Where words of a statute are not defined, the courts presume that the legislature intended to give them their ordinary meaning determined according to the context in which those words are ordinarily used. *Midrex Corp. v. Lynch, Sec. of Revenue,* 50 N.C. App. 611, 614, 274 S.E.2d 853, 855, *disc. rev. denied,* 303 N.C. 181, 280 S.E.2d 453 (1981). Therefore, we look to the meaning of "note" as used by lawyers, bankers and accountants. The legal definition of "note" is "an instrument containing an express and absolute promise of signer (i.e. maker) to pay to a specified person or order, or bearer, a definite sum of money at a specified time." Black's Law Dictionary 956-57 (rev. 5th ed. 1979). Likewise, bankers view notes in this manner. Accountants define "note" as "an unconditional written promise, signed by the maker, to pay a certain sum in money on demand or at a fixed and determinable future date." Davidson, Stickney and Weil, *Accounting: The Language of Business* 54 (7th ed. 1987). Notes generally are characterized by an interest charge and are often secured by collateral such as receivables. *See generally* 2 Strong's N.C. Index 3d *Bills and Notes* § 1-6 (1976).

The Agreement between Heller and RAC meets both the legal and accounting definitions of the term "note." The Agreement allowed RAC to borrow from Heller funds limited by a stated percentage of RAC's consumer notes, and RAC unconditionally promised to repay the loaned funds on demand to Heller and to pay interest monthly at a specified percentage rate. The loans to RAC were evidenced by promissory notes payable to Heller. The agreement also complies with the definition of "note" in N.C.G.S. § 25-3-104.

The public policy of this state, as expressed in N.C.G.S. § 105-202, is to allow a taxpayer to offset notes receivable by notes and other evidences of debt created when the taxpayer subsequently uses the receivables to obtain financing.

Therefore, we hold that the Agreement with Heller was a note or other evidence of debt within the meaning of N.C.G.S. § 105-202, and amounts owed by RAC thereunder could be deducted against RAC's notes receivable for intangible tax purposes.[1] Ac-

---

1. This holding is consistent with the decision of this Court in *Guilford Mills, Inc. v. Helen A. Powers, Secretary of Revenue of the State of North Carolina,* No. 429PA89, also filed this date.

cordingly, the summary judgment in favor of defendant is reversed, and the cause is remanded to the Superior Court, Wake County, for entry of summary judgment for the plaintiff.

Reversed and remanded.