STATE OF NORTH CAROLINA v. KIMBERLY ROSE STONE

No. 125A88

(Filed 3 November 1988)

**Homicide § 21.4— murder—evidence sufficient**

There was substantial evidence that each of the essential elements of murder in the first degree was met and that defendant was the perpetrator of the murder, and the trial judge correctly denied defendant's motion to dismiss, where the evidence adduced at trial strongly indicated that defendant committed the offense with the same .22 caliber weapon delivered by defendant to her father during the investigation of the homicide; the similarity between the two front tires taken from the Monte Carlo automobile driven by defendant and the plaster cast made at the trash dump where the victim's body was found supports the inference that defendant drove her mother's Monte Carlo to the trash dump on the night of the murder; the testimony of the ammunition expert that the bullets removed from the body of the victim could have come from the box of ammunition taken from the apartment of defendant's father or from another box manufactured on the same day in November of 1968 strongly indicates that the victim's death was caused by ammunition in defendant's possession; the testimony of the ballistics expert that the .22 caliber revolver recovered from the apartment of defendant's father could have fired the bullets which caused the victim's death suggests that the revolver in defendant's possession was used to commit the offense; defendant was the last person to see the victim alive; defendant's false statement to investigating officers that she did not know anyone who owned a handgun and her subsequent delivery of the revolver and ammunition to her father indicate that defendant attempted to cover up her connection with the weapon; and the testimony of a deputy that the route from the trailer to the gas station could be driven in 13 minutes, coupled with the testimony that defendant was absent from the trailer for approximately one hour, shows that defendant had ample time to commit the murder.

APPEAL by defendant from judgment imposing sentence of life imprisonment entered by *Ellis, J.,* at the 2 November 1987 Criminal Session of Superior Court, CUMBERLAND County, upon a jury verdict of guilty of first degree murder. Heard in the Supreme Court 12 September 1988.

*Lacy H. Thornburg, Attorney General, by Dennis P. Myers, Assistant Attorney General, for the State.*

*Gregory A. Weeks for defendant-appellant.*

FRYE, Justice.

Defendant brings forth one assignment of error which involves the sufficiency of the evidence submitted to the jury. Defendant contends that the trial court erred by denying her motion to dismiss the charge of first degree murder because the State failed to present substantial evidence of each element of the offense charged. We find no error.

Defendant was charged with first degree murder in violation of N.C.G.S. § 14-17. On the morning of 5 November 1985, the body of Richard Pursel was found slumped behind the steering wheel of his pickup truck at a dump site located on Macedonia Church Road in Cumberland County.

Defendant was originally tried at the 20 October 1986 Criminal Session of Superior Court, Cumberland County, presided over by Judge Giles Clark. Prior to trial, Judge Clark found that there were no aggravating circumstances and granted defendant's motion that the case be tried as a non-capital case. The jury was unable to reach a verdict and a mistrial was declared on 29 October 1986. Upon retrial at the 2 November 1986 Session of Superior Court, the jury returned a verdict of guilty of murder in the first degree. From judgment of life imprisonment entered upon the jury verdict, defendant appeals to this Court as of right. N.C.G.S. § 7A-27(a) (1986 & Cum. Supp. 1987).

The sole question on appeal involves the sufficiency of the evidence to go to the jury. Defendant assigns error to the trial judge's denial of her motion to dismiss made at the close of all the evidence. We hold that the trial judge properly denied the motion.

The evidence, viewed in the light most favorable to the State, showed the following:

Richard Pursel, Suszan Page, Ronnie Allen and defendant spent the weekend preceding Pursel's death together at a trailer in Cumberland County owned by Page's parents. Page and Allen testified that on Monday, 4 November 1985, around 5:30 in the afternoon, defendant's mother arrived at the trailer. Defendant left the trailer with her mother to go to Wallace, North Carolina. Defendant returned to the trailer driving her mother's Monte Carlo automobile at approximately 9:30 p.m. Page, Pursel and Allen

were watching television when defendant returned. Shortly thereafter, Pursel and Page went into the bedroom. They came out of the bedroom after about an hour at which time defendant asked if someone could follow her to a gas station because she needed gas. Allen did not have a driver's license and Page was not feeling well, so Pursel volunteered to follow defendant in his red pickup truck to the gas station.

Defendant and Pursel left the trailer at approximately 11:30 p.m. Defendant returned to the trailer between 12:30 and 12:40 the following morning. Pursel did not return. Later that morning, the body of Richard Pursel was discovered at a trash dump site approximately ten miles from the trailer. Pursel was seated in the driver's seat, slumped over to the right, and he had three bullet wounds in the left side of his head. Powder burns were found around an entry wound on the left side of his face behind the eye indicating, according to the pathologist, that the weapon was fired from close range. An examination of the pickup truck by crime technicians revealed that the window on the passenger side was rolled up, the door on the passenger side was locked, and the keys were in the ignition. The truck was dusted for fingerprints and latent prints were found.

Three sets of automobile tracks were found in the area. Two sets of the tracks were identified as having been made by the vehicles of the persons who discovered the body. A plaster cast was made of the third set.

A witness testified that when he drove past the dump site around 11:15 p.m., he did not see the truck. When the witness drove past the site again between 11:30 p.m. and 11:45 p.m., he observed the truck parked at the dump site. During a police interview with defendant, Page and Allen, defendant told Cumberland County Sheriff's Department detectives that she had not been on Macedonia Church Road that night and that she did not know anyone who owned a handgun or a weapon of any kind except for her father who owned a shotgun. Later, sheriff's deputies recovered a .22 caliber pistol and a box of ammunition from the apartment of Jerry Stone, Sr., defendant's father. Defendant delivered the pistol and the ammunition to her father after the interview with police. Mr. Stone had given the pistol to defendant's mother who kept it in the glove compartment of the Monte Carlo.

Examinations and comparisons of the bullets and the pistol were performed by a State Bureau of Investigation (SBI) ballistics expert who testified that the three bullets removed from the victim were fired from a pistol which had eight lands and grooves of rifling with a right hand twist. He also testified that the .22 caliber pistol recovered from Mr. Stone's apartment was a Rohm revolver with eight lands and grooves of rifling and a right hand twist. It was his opinion that the bullets removed from the victim could have been fired from the .22 caliber revolver, but because of deformities in the bullets, he was not able to make a positive comparison between the bullets test fired from the revolver and those removed from the victim.

A Federal Bureau of Investigation (FBI) ammunition expert testified that from an analysis of the chemical composition of the three spent bullets and the cartridges from the box of ammunition, it was his opinion that the compositions of those items were typical of what one would find when examining bullets within the same box of cartridges or another box from the same manufacturer made on the same day. He also testified that the box of ammunition was manufactured in November 1968.

An SBI expert in analysis and comparison of tire impressions testified that the tread design, size, shape and wear of the tires taken from the Monte Carlo driven by defendant were consistent with the pictures and cast made of the impressions found at the scene.

Robert Bittle of the Cumberland County Sheriff's Department testified that, after driving the route that defendant drove from Page's trailer to the gas station, he determined the distance to be 9.7 miles and the driving time thirteen minutes. The distance from the trailer to the trash dump was 10.2 miles and a driving time of thirteen minutes and the distance from the gas station to the dump was 4.6 miles and six minutes driving time.

Defendant contends that the evidence was insufficient to establish the essential elements of first degree murder and that defendant committed the offense.

Murder in the first degree is "the unlawful killing of a human being with malice and with premeditation and deliberation." *State v. Calloway*, 305 N.C. 747, 751, 291 S.E. 2d 622, 625 (1982). Malice

exists as a matter of law whenever there has been an unlawful and intentional homicide without excuse or mitigating circumstance. *State v. Moore*, 275 N.C. 198, 166 S.E. 2d 652 (1969). The intentional use of a deadly weapon gives rise to a presumption that the killing was unlawful and that it was done with malice. *State v. Judge*, 308 N.C. 658, 303 S.E. 2d 817 (1983). Premeditation is defined as thought beforehand for some length of time, however short. *State v. Myers*, 299 N.C. 671, 263 S.E. 2d 768 (1980). Deliberation is defined as an intent to kill executed by defendant in a cool state of blood or in the absence of anger or emotion. *Id.* Premeditation and deliberation must ordinarily be proved by circumstantial evidence. *State v. Saunders*, 317 N.C. 308, 345 S.E. 2d 212 (1986). The test of the sufficiency of the evidence is the same whether the evidence is direct, circumstantial or both. *State v. Stephens*, 244 N.C. 380, 93 S.E. 2d 431 (1956).

A review of all of the evidence in this case supports a reasonable conclusion that the homicide was committed with malice, premeditation and deliberation. While defendant asserts that the evidence was insufficient to establish each essential element of murder in the first degree, her primary argument is that the evidence was insufficient to show that she was the perpetrator of the offense and that, for this reason, her motion to dismiss should have been granted.

The law regarding the sufficiency of evidence to withstand a motion to dismiss has been enunciated in numerous decisions of this Court.

> When a defendant moves for dismissal, the trial court must determine whether there is substantial evidence of each essential element of the offense charged (or a lesser offense included therein), and of the defendant being the one who committed the crime. If that evidence is present, the motion to dismiss is properly denied. *State v. Earnhardt*, 307 N.C. 62, 296 S.E. 2d 649 (1982); *State v. Powell*, 299 N.C. 95, 261 S.E. 2d 114 (1980). 'Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' *State v. Smith*, 300 N.C. 71, 78-79, 265 S.E. 2d 164, 169 (1980) (citation omitted).

> In ruling on a motion to dismiss, the evidence must be considered by the court in the light most favorable to the State,

and the State is entitled to every reasonable inference to be drawn from the evidence. *State v. Earnhardt*, 307 N.C. 62, 296 S.E. 2d 649. Contradictions and discrepancies must be resolved in favor of the State, and the defendant's evidence, unless favorable to the State, is not to be taken into consideration. *Earnhardt*, 307 N.C. 62, 296 S.E. 2d 649; *State v. Jones*, 280 N.C. 60, 184 S.E. 2d 862 (1971) . . . . All evidence actually admitted, both competent and incompetent, which is favorable to the State must be considered (citation omitted).

*State v. Bullard*, 312 N.C. 129, 160, 322 S.E. 2d 370, 387 (1984).

Circumstantial evidence may withstand a motion to dismiss and support a conviction even when the evidence does not rule out every hypothesis of innocence. *State v. Stephens*, 244 N.C. 380, 384, 93 S.E. 2d 431, 433 (1956). The evidence need only give rise to a reasonable inference of guilt in order for it to be properly submitted to the jury for a determination of defendant's guilt beyond a reasonable doubt. *State v. Jones*, 303 N.C. 500, 279 S.E. 2d 835 (1981); *State v. Cutler*, 271 N.C. 379, 156 S.E. 2d 679 (1967); *State v. Rozier*, 69 N.C. App. 38, 316 S.E. 2d 893 (1984). However, a motion to dismiss should be allowed where the facts and circumstances warranted by the evidence do no more than raise a suspicion of guilt or conjecture since there would still remain a reasonable doubt as to defendant's guilt. *State v. Williams*, 307 N.C. 452, 298 S.E. 2d 372 (1983); *State v. Daniels*, 300 N.C. 105, 265 S.E. 2d 217 (1980).

Once the court determines that a reasonable inference of defendant's guilt may be drawn from the circumstances, then "it is for the jury to decide whether the facts taken singly or in combination, satisfy them beyond a reasonable doubt that the defendant is actually guilty." *State v. Rowland*, 263 N.C. 353, 358, 139 S.E. 2d 661, 665 (1965). Courts may resort to circumstantial evidence of motive, opportunity, capability and identity to identify the accused as the perpetrator of the crime. *See State v. Pridgen*, 313 N.C. 80, 326 S.E. 2d 618 (1985).

There was substantial evidence in the instant case from which jurors could draw a reasonable inference that defendant was the perpetrator of the murder of Richard Pursel. Defendant was linked to the weapon, the bullets, and the dump site through circumstantial evidence. Defendant had access to a weapon and

bullets which could have caused the death of the victim, had the time and opportunity to commit the murder, and drove a car which could have made the tire tracks found at the dump site.

Defendant relies on *State v. Bell*, 65 N.C. App. 234, 309 S.E. 2d 464, *aff'd per curiam*, 311 N.C. 299, 316 S.E. 2d 72 (1984), to support the argument that there is insufficient evidence to show that she committed the offense charged. In *Bell*, the defendant was convicted of second degree murder. The Court of Appeals held that the evidence taken in the light most favorable to the State at most showed only that the defendant had an opportunity to kill the victim and that evidence of opportunity alone is insufficient to survive a defendant's motion to dismiss. *Bell*, 65 N.C. App. at 241, 309 S.E. 2d at 467.

In *Bell*, the court relied on *State v. White*, 293 N.C. 91, 235 S.E. 2d 55 (1977), for the proposition that evidence of either motive or opportunity alone is insufficient to carry a case to the jury. There is no clear evidence of defendant's motive in the instant case. Nevertheless, proof of motive is not necessary to sustain a conviction of murder. *State v. Landingham*, 283 N.C. 589, 600, 197 S.E. 2d 539, 546 (1973).

The facts in *Bell* distinguish it from the instant case. There, as stated in the opinion, "[t]he only substantial evidence linking defendant to the crime consisted of the victim's keys which were found in the defendant's pockets." *Bell*, 65 N.C. App. at 241, 309 S.E. 2d at 468-69. Here, there is more. The evidence adduced at trial strongly indicates that defendant committed the offense with the same .22 caliber weapon delivered by defendant to her father during the investigation of the homicide. The similarity in tread design, shape, size and wear between the two front tires taken from the Monte Carlo automobile driven by the defendant and the plaster cast made at the trash dump supports the inference that defendant drove her mother's Monte Carlo to the trash dump on the night of the murder. The testimony of the ammunition expert that the bullets removed from the body of the victim could have come from the box of ammunition taken from the apartment of the defendant's father, or from another box manufactured on the same day in November of 1968, strongly indicates that the victim's death was caused by ammunition in defendant's possession. The testimony of the ballistics expert that the .22 caliber

revolver recovered from the apartment of defendant's father could have fired the bullets which caused the victim's death suggests that the revolver in defendant's possession was used to commit the offense charged. The statements taken from Page, Allen and defendant indicate that defendant was the last person to see the victim alive. Defendant's false statement to investigating officers that she did not know anyone who owned a handgun and her subsequent delivery of the .22 caliber revolver and ammunition to her father indicate that defendant attempted to cover up her connection with the weapon. The testimony of Robert Bittle of the sheriff's department that the route from the trailer to the gas station could be driven within thirteen minutes, coupled with the testimony that defendant was absent from the trailer for approximately one hour, shows that defendant had ample time to commit the murder.

The combination of these circumstances, together with the other evidence presented at trial, represents evidence sufficiently substantial for a jury to draw the reasonable inference that defendant was the perpetrator of the offense charged. While an alternative perpetrator could have been a person who came to the dump site on the night in question, in an automobile with tires similar in tread design, size, shape and wear to the tires on the Monte Carlo, who also possessed seventeen-year-old bullets manufactured on the same day as those defendant possessed, and a .22 caliber revolver with eight lands and grooves and a right hand twist, it is not necessary, in order to withstand a motion for dismissal, that the circumstantial evidence exclude every reasonable hypothesis except that of guilt. Rather, "if there be any evidence tending to prove the fact in issue or which reasonably conduces to its conclusion as a fairly logical and legitimate deduction, and not merely raises a suspicion or conjecture in regard to it, the case should be submitted to the jury." *State v. Stephens*, 244 N.C. 380, 383, 93 S.E. 2d 431, 433 (1956).

Applying the foregoing principles, we conclude that, considering the evidence in the light most favorable to the State, there is substantial evidence that each of the essential elements of murder in the first degree was met and that defendant was the perpetrator of the murder. Therefore, the trial judge correctly denied defendant's motion to dismiss and properly submitted the case to the jury. Accordingly, in defendant's trial, we find

No error.