STATE OF NORTH CAROLINA v. JAMES THURMAN WOODARD

No. 331A88

(Filed 2 March 1989)

**1. Homicide § 18 — murder — premeditation and deliberation — evidence sufficient**

The court did not err in a prosecution for first degree murder by denying defendant's motion to dismiss, based on allegedly insufficient evidence of premeditation and deliberation, where there was evidence of prior threats, that defendant had searched for the victim and followed her home after waiting for her outside a hotel, had long disapproved of the victim seeing other men, and the victim did not strike or shout at the defendant just prior to the shooting and in fact had her back to defendant and was walking away.

**2. Homicide § 27.1 — murder — sudden passion — not sufficient for charge on manslaughter**

The trial court did not err in a prosecution for first degree murder by denying defendant's request for an instruction on manslaughter on the theory that defendant killed the victim in the heat of passion where there was no evidence that the sudden passion was produced by adequate provocation. The fact that the victim, who was not the defendant's spouse, was dating other

men was not adequate provocation to reduce this homicide from murder to manslaughter.

APPEAL by defendant pursuant to N.C.G.S. § 7A-27(a) from a judgment entered by *Barnette, J.*, at the 28 March 1988 Criminal Session of Superior Court, WAKE County, sentencing defendant to life imprisonment upon his conviction by a jury of murder in the first degree. Heard in the Supreme Court 15 November 1988.

*Lacy H. Thornburg, Attorney General, by G. Lawrence Reeves, Associate Attorney General, for the State.*

*Johnny S. Gaskins for defendant-appellant.*

FRYE, Justice.

In a non-capital trial, defendant was convicted of murder in the first degree and sentenced to life imprisonment. He contends that the trial court erred by denying his motion to dismiss the charge of murder in the first degree and by refusing to instruct the jury on the lesser included offense of voluntary manslaughter. We find no error in defendant's trial.

The evidence for the State tended to show the following: Defendant and the victim, Elizabeth Langley Poole, also known as Sue Poole, dated periodically during the year preceding the victim's death. The victim also dated other men during this time and defendant occasionally made threats toward her and the other men she dated. Defendant was jealous of these other men and did not want the victim to see them. The victim's sister testified that during the last few months of the victim's life defendant stated that he loved the victim "better than anything that he had seen on this earth and he said that if he couldn't have her, nobody else would; that he would see her dead in hell first . . . ." On another occasion, in the sister's presence, defendant threatened to kill both the victim and her ex-husband, whom she was dating, if he caught them together in the ex-husband's trailer. Another witness, Susan Ramey, who dated the defendant from December 1986 until February 1987, testified that on several occasions defendant told her "if he could not have Sue Poole that no one would have her."

The State's evidence further indicates that on the evening of 23 September 1987, around 9:15 p.m., the victim went to the Sheraton Hotel with a man. She told her nephew to tell defendant, if he called, that she was asleep. Defendant later called around 9:45 p.m., but did not believe the victim was at home and asleep. He drove to the victim's house and noticed that her car was not there. He suspected she was with another man. He then rode to the Sheraton Hotel and waited after noticing the victim's car. Defendant then followed the victim home. The two cars were traveling fast and arrived at the victim's home around 11 p.m. The victim and defendant talked in her yard. The victim's niece testified that she could not hear everything that was said, but could tell that the victim was telling defendant she did not want to see him again, not to call her, and that she wanted him to leave her alone.

Defendant led the victim to a flower bed a few feet away. He grabbed her arm, and she tried to pull away. Defendant put his arm around her and hugged and kissed her. She pulled away, turned her back to defendant, and appeared to be coming towards her nephew and niece who were on the porch. Defendant then shot the victim in the back of the head killing her.

Defendant testified that he removed a pistol from the victim's automobile while it was parked in front of the Sheraton Hotel; that he placed the pistol in his truck and followed the victim to her home; that he shot the victim because he was upset with her and jealous; and that he loved her and did not intend to harm her.

[1] Defendant first contends that the trial court committed prejudicial error by refusing to dismiss the charge of murder in the first degree since there was insufficient evidence to support a conviction on this charge.

Because defendant introduced evidence in his own behalf, he waived his motion to dismiss made at the close of the State's evidence. N.C.G.S. § 15-173 (1983); *State v. Bullard*, 312 N.C. 129, 322 S.E. 2d 370 (1984). We, therefore, only consider defendant's motion to dismiss at the close of all the evidence. *See State v. Leonard*, 300 N.C. 223, 266 S.E. 2d 631 (1980).

The applicable law regarding a defendant's motion for dismissal has been discussed previously by this Court:

> When a defendant moves for dismissal, the trial court must determine whether there is substantial evidence of each essential element of the offense charged (or of a lesser offense included therein), and of the defendant being the one who committed the crime. If that evidence is present, the motion to dismiss is properly denied. *State v. Earnhardt*, 307 N.C. 62, 296 S.E. 2d 649 (1982); *State v. Powell*, 299 N.C. 95, 261 S.E. 2d 114 (1980). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *State v. Smith*, 300 N.C. 71, 78-79, 265 S.E. 2d 164, 169 (1980) (citation omitted).

> In ruling on a motion to dismiss, the evidence must be considered by the court in the light most favorable to the State, and the State is entitled to every reasonable inference to be drawn from the evidence. *State v. Earnhardt*, 307 N.C. 62, 296 S.E. 2d 649. Contradictions and discrepancies must be resolved in favor of the State, and the defendant's evidence, unless favorable to the State, is not to be taken into consideration. *Earnhardt*, 307 N.C. 62, 296 S.E. 2d 649; *State v. Jones*, 280 N.C. 60, 184 S.E. 2d 862 (1971). The test of the sufficiency of the evidence on a motion to dismiss is the same whether the evidence is direct, circumstantial, or both. *State v. Powell*, 299 N.C. 95, 261 S.E. 2d 114. All evidence actually admitted, both competent and incompetent, which is favorable to the State must be considered. *State v. McKinney*, 288 N.C. 113, 215 S.E. 2d 578 (1975).

*State v. Bullard*, 312 N.C. 129, 160, 322 S.E. 2d 370, 387.

Defendant was charged with and convicted of murder in the first degree. Murder in the first degree is the unlawful killing of a human being with malice and with premeditation and deliberation. *State v. Judge*, 308 N.C. 658, 303 S.E. 2d 817 (1983). Defendant contends that there was insufficient evidence of premeditation and deliberation to submit murder in the first degree to the jury. Premeditation is defined as thought beforehand for some length of time, however short. *State v. Myers*, 299 N.C. 671, 263 S.E. 2d 768 (1980). Deliberation

> imports the execution of an intent to kill in a cool state of blood without legal provocation, and in furtherance of a fixed design . . . . An unlawful killing is deliberate and premeditated if done pursuant to a fixed design to kill, notwithstanding that defendant was angry or in an emotional state at the time, unless such anger or emotion was such as to disturb the faculties and reason.

*Id.* at 677, 263 S.E. 2d at 772-73. Moreover, it must be remembered that:

> Ordinarily, premeditation and deliberation must be proved by circumstantial evidence. Some circumstances to be considered are: "(1) want of provocation on the part of the deceased, (2) conduct and statements of the defendant before and after the killing, (3) threats made against the victim by defendant, (4) ill will or previous difficulty between the parties, and (5) evidence that the killing was done in a brutal manner." *State v. Calloway*, 305 N.C. 747, 751, 291 S.E. 2d 622, 625-26 (1982).

*State v. Saunders*, 317 N.C. 308, 312-13, 345 S.E. 2d 212, 215 (1986).

In applying the foregoing principles of law to the facts in the instant case, we find no error in the trial court's refusal to grant defendant's motion to dismiss at the close of all the evidence. There was evidence of prior threats and evidence that defendant searched for the victim and followed her home after he waited for the victim outside a hotel. Ill will or previous difficulty between defendant and the victim was shown by the evidence that defendant had long disapproved of the victim's seeing other men. Lack of provocation on the part of the victim was shown by evidence that the victim did not strike or shout at defendant just prior to the shooting. In fact, the victim had her back to defendant and was walking away. The circumstantial evidence, taken in the light most favorable to the State, was clearly sufficient to take the case to the jury on the essential elements of premeditation and deliberation. Thus, we reject defendant's first contention.

[2] In a written motion, defendant requested that the jury be instructed on the possible verdict of guilty of manslaughter on the theory that defendant killed the victim in the heat of passion

caused by provocation adequate to negate the element of malice. The trial judge denied the motion and submitted possible verdicts of murder in the first or second degree or not guilty. Defendant now contends that the trial judge erred by not submitting a possible verdict of voluntary manslaughter for consideration by the jury.

"One who kills a human being under the influence of sudden passion, produced by adequate provocation, sufficient to negate malice, is guilty of manslaughter." *State v. Robbins*, 309 N.C. 771, 777, 309 S.E. 2d 188, 191 (1983). Voluntary manslaughter is a lesser included offense of murder in the first degree. *State v. Jones*, 299 N.C. 103, 261 S.E. 2d 1 (1980). A jury must be instructed on a lesser included offense only when evidence has been introduced from which the jury could properly find that the defendant had committed the lesser included offense. *State v. Jones*, 291 N.C. 681, 231 S.E. 2d 252 (1977).

Assuming *arguendo* that there was some evidence from which a jury could find that defendant acted under a sudden heat of passion when he shot the victim, merely acting under the heat of passion is not enough to negate malice *so as to reduce murder* to manslaughter. Such sudden heat of passion must arise upon what the law recognizes as adequate provocation. *See State v. Ward*, 286 N.C. 304, 210 S.E. 2d 407 (1974), *death penalty vacated mem.*, 428 U.S. 903, 49 L.Ed. 2d 1207 (1976) (trial court correctly refused to charge on voluntary manslaughter where defendant killed her boyfriend of three years while he was entertaining her rival in the den of his home on an evening when he had invited defendant to visit). In the instant case, the fact that the victim, who was not defendant's spouse, was dating other men is not adequate provocation to reduce this homicide from murder to manslaughter. Since there was no evidence from which the jury could properly find that defendant killed the victim while under the influence of sudden passion, *produced by adequate provocation*, sufficient to negate malice, the trial judge did not err in refusing to instruct the jury that it could find the defendant guilty of voluntary manslaughter. In defendant's trial we find

No error.