STATE OF NORTH CAROLINA, Plaintiff,
v.
QUINCY KETTER, Defendant.
No. COA07-1445
Court of Appeals of North Carolina
Filed August 5, 2008
This case not for publication
Attorney General Roy A. Cooper, III, by Assistant Attorney General Durwin P. Jones, for the State.
Robert J. McAfee, for defendant-appellant.
STROUD, Judge.
On 27 March 2006 defendant was charged with possession with intent to sell or deliver cocaine. On 25 April 2007 he was found guilty of possession of cocaine and was sentenced to imprisonment for five to six months. The sentence was suspended and defendant was placed on supervised probation for 24 months.
The State presented evidence tending to show that on 30 November 2005, Officer David Jester of the Charlotte-Mecklenburg Police Department participated in a traffic stop of an automobile. Officer Jester approached the passenger's side of the vehicle while his partner approached the driver's side. Officer Jester tapped on the window at the front passenger seat. The occupant of the front passenger seat, whom he identified as defendant, rolled down the window.
Officer Jester asked defendant to identify himself and the owner of the vehicle. Defendant identified himself as Quincy Ketter. Defendant told him that the vehicle belonged to his girl friend. Defendant also told him that he was in control of the vehicle but was not driving it at that time.
Officer Jester shined a flashlight into the vehicle and observed green-colored vegetation, which he believed to be marijuana based upon his training and experience, on the dashboard and on defendant's shirt and pants. Defendant looked down and saw the flashlight shining on his lap. Defendant brushed the green matter off his shirt and pants.
At that point Officer Jester asked defendant to exit the vehicle. Officer Jester asked for and received defendant's consent to search his person and the vehicle for weapons and drugs. Officer Jester asked defendant to place his hands on the back of the car and to spread his feet. Officer Jester placed his foot between defendant's feet, grabbed defendant's baggy pants, and began to "shimmy" them a little bit. The officer saw a small clear bag fall to the ground right at the officer's foot. Recognizing the bag as one commonly used to package drugs, Officer Jester placed defendant in handcuffs and secured him. Officer Jester picked up the bag from the ground and placed it in his pocket.
At a later point, Officer Jester examined the bag and counted therein sixteen individually wrapped packages containing what appeared to be crack cocaine. Officer Jester submitted the bag to property control.
Subsequent testing by the Charlotte-Mecklenburg Police Department confirmed that the bag contained crack cocaine with a total weight of approximately 2.0 grams.
Defendant moved to dismiss the charges at the close of the State's evidence. Defendant did not present any evidence.
Defendant's sole assignment of error is to the trial court's denial of his motion to dismiss made at the close of all the evidence. Defendant contends the State failed to present sufficient evidence that defendant knowingly possessed cocaine.
Upon a motion to dismiss, the court determines whether there is substantial evidence to establish each element of the offense charged and to identify the defendant as the perpetrator. State v. Earnhardt, 307 N.C. 62, 65-66, 296 S.E.2d 649, 651 (1982). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." State v. Smith, 300 N.C. 71, 78-79, 265 S.E.2d 164, 169 (1980). In deciding the motion, the court must examine the evidence in the light most favorable to the State, giving the State the benefit of every reasonable inference that may be drawn from the evidence and leaving contradictions or discrepancies for the jury to resolve. State v. Benson, 331 N.C. 537, 544, 417 S.E.2d 756, 761 (1992). "Circumstantial evidence may withstand a motion to dismiss and support a conviction even when the evidence does not rule out every hypothesis of innocence." State v. Stone, 323 N.C. 447, 452, 373S.E.2d 430, 433 (1988).
"[I]t is unlawful for any person . . . [t]o possess a controlled substance." N.C. Gen. Stat. § 90-95(a) (2005).
An accused's possession of narcotics may be actual or constructive. He has possession of the contraband material within the meaning of the law when he has both the power and intent to control its disposition or use. Where such materials are found on the premises under the control of an accused, this fact, in and of itself, gives rise to an inference of knowledge and possession which may be sufficient to carry the case to the jury on a charge of unlawful possession. Also, the State may overcome a motion to dismiss or motion for judgment as of non suit by presenting evidence which places the accused within such close juxtaposition to the narcotic drugs as to justify the jury in concluding that the same was in his possession.
State v. Harvey, 281 N.C. 1, 12-13, 187 S.E.2d 706, 714 (1972) (citation and quotation marks omitted). Viewed in the light most favorable to the State, the evidence here shows that when Officer Jester jostled defendant's pants, a package containing crack cocaine fell to the ground between defendant's feet. We conclude this evidence is sufficient to permit a jury to conclude that defendant had the same in his possession.
Defendant notes in a footnote to his brief, and the State concurs, that the judgment contains an apparent clerical error in that the judgment erroneously states defendant was convicted of possession with intent to sell and deliver cocaine, a class H felony, instead of possession of cocaine, which is a class I felony. See N.C. Gen. Stat. § 90-95(d)(2) (2007). The court, however, properly sentenced defendant consistent with the presumptive term for a class I felony, having imposed a term within the presumptive range for a prior record level II offender to a minimum of five and a maximum of six months. See N.C. Gen. Stat. § 15A-1340.17(c) (presumptive range of minimum sentences for Class I felony, prior record level II is four to six months; same for Class H felony is six to eight months). The parties agree that the matter should be remanded for correction of this clerical error.
No error in trial; remanded for correction of clerical error.
Chief Judge MARTIN and Judge CALABRIA concur.
Report per Rule 30(e).