STEELMAN, Judge.
Where the evidence at trial showed that defendant acted voluntarily in stabbing McGill, resulting in his death, the trial court did not err in declining to instruct the jury on involuntary manslaughter.
I. Factual and Procedural Background
On 6 May 2011, Adrian Tarel Epps (defendant) was hosting a social event at his house. One of the guests was defendant’s cousin, who brought her boyfriend, Antwan McGill (McGill). A fight occurred in the yard between defendant and McGill, and defendant was beaten by McGill. Defendant returned to the house by the screen door to the kitchen. McGill followed defendant to the house. When McGill approached the screen door, defendant stabbed him through the door. McGill was dead on arrival at the hospital emergency room. The coroner found McGill’s death to have resulted from a single stab wound.
Defendant was charged with first-degree murder. At the jury instruction conference, defendant requested an instruction on the lesser offense of involuntary manslaughter. The trial court denied that request. The trial court instructed the jury on first-degree murder, second-degree murder, and voluntary manslaughter, as well as the defenses of self-defense and the castle doctrine. On 25 September 2012, the jury found defendant guilty of voluntary manslaughter. The jury also found the existence of two aggravating factors. The trial court found defendant to be a prior felony record level IV, and sentenced defendant to an aggravated range sentence of 121-155 months imprisonment.
Defendant appeals.
II. Involuntary Manslaughter
In his sole argument on appeal, defendant contends that the trial court erred in refusing to instruct the jury on the lesser offense of involuntary manslaughter. We disagree.
A. Standard of Review
“[Arguments] challenging the trial court’s decisions regarding jury instructions are reviewed de novo by this Court.” State v. Osorio, 196 N.C. App. 458, 466, 675 S.E.2d 144, 149 (2009). “The prime purpose of a court’s charge to the jury is the clarification of issues, the elimination of extraneous matters, and a declaration and an application of the law *586 arising on the evidence.” State v. Cameron, 284 N.C. 165, 171, 200 S.E.2d 186, 191 (1973), cert. denied, 418 U.S. 905, 41 L. Ed. 2d 1153 (1974). “[A] trial judge should not give instructions to the jury which axe not supported by the evidence produced at the trial.” Id. “Where jury instructions are given without supporting evidence, a new trial is required.” State v. Porter, 340 N.C. 320, 331, 457 S.E.2d 716, 721 (1995).
B. Analysis
“An instruction on a lesser-included offense must be given only if the evidence would permit the jury rationally to find defendant guilty of the lesser offense and to acquit him of the greater.” State v. Millsaps, 356 N.C. 556, 561, 572 S.E.2d 767, 771 (2002). In the instant case, defendant contends that the evidence at trial would have permitted the jury to find defendant guilty of involuntary manslaughter and to acquit him of the other homicide charges.
“The elements of involuntary manslaughter are: (1) an unintentional killing; (2) proximately caused by either (a) an unlawful act not amounting to a felony and not ordinarily dangerous to human life, or (b) culpable negligence.” State v. Fisher, _ N.C. App. _, _, 745 S.E.2d 894, 901 (2013) (quoting State v. Hudson, 345 N.C. 729, 733, 483 S.E.2d 436, 439 (1997)). Thus, for the jury to be given an instruction on involuntary manslaughter, there must have been evidence presented to show that (1) defendant lacked intent, and that (2) the action causing McGill’s death either (a) did not amount to a felony and was not ordinarily dangerous to human life, or (b) was the result of culpable negligence.
At trial, the evidence presented was that defendant fought with McGill, and that defendant retreated to the kitchen. The evidence further showed that defendant stabbed McGill through the screen door, that the knife had a 10-12 inch blade, that defendant’s arm went through the screen door up to the elbow, and that the stab wound pierced McGill’s lung and nearly pierced his heart, and was approximately four and one-half inches deep. Defendant contends that he was intoxicated and barely aware of his actions; that he was afraid for his life and acting to fend off an attack; and that his actions were reckless but not intended to cause death.
Defendant relies on State v. Debiase, 211 N.C. App. 497, 711 S.E.2d 436, disc. review denied, 365 N.C. 335, 717 S.E.2d 399 (2011). In Debíase, defendant and the victim, guests at a party, got into an altercation, which concluded with defendant striking the victim with a bottle, inflicting an injury from which the victim eventually died. We held that:
*587 despite the fact that Defendant acted intentionally at the time that he struck Mr. Lien with the bottle, the evidence contained in the present record is susceptible to the inteipretation that, at the time that he struck Mr. Lien, Defendant did not know and had no reason to believe that the bottle would break or that the breaking of the bottle would inflict a fatal wound to Mr. Lien’s neck. Death resulting from such a series of events would, under the previous decisions of this Court and the Supreme Court, permit an involuntary manslaughter conviction.
Debíase, 211 N.C. App. at 506, 711 S.E.2d at 442. We held that the trial court erred by declining to instruct the jury on the lesser-included offense of involuntary manslaughter, and remanded for a new trial.
The facts of the instant case are distinct from those in Debíase. In Debíase, defendant was holding the bottle during the fight. As a result, the jury was permitted to consider the possibility that his use of the bottle was not intentional. In the instant case, however, defendant was not armed with the knife during the fight, nor was defendant involved in an altercation at the time of the fatal stabbing. Sometime after the fight had ended, defendant was in the kitchen, inside of the house, when McGill approached the screen door. Defendant consciously grabbed the knife, which he had not been previously holding, and stabbed McGill through the screen door.
Defendant cites us to numerous other cases with fact patterns similar to the facts in Debíase, reaching the same result. In each of those cases, a defendant instinctively or reflexively lashed out, involuntarily resulting in the victim’s death. In the instant case, however, defendant’s conduct was entirely voluntary. The evidence in the record shows that defendant’s conduct was intentional, and that the stabbing was not an action which was (a) not a felony, or (b) resulting from culpable negligence. Based upon our review of the record, we see no evidence which would have merited an instruction on involuntary manslaughter.
We hold that the trial court did not err by refusing to instruct the jury on the lesser-included offense of involuntary manslaughter.
NO ERROR.
Judge BRYANT concurs.