An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA 15-219

Filed: 15 September 2015

Pasquotank County, No. 09 CRS 1257

STATE OF NORTH CAROLINA

v.

TYSHAWN HINTON

Appeal by defendant from judgments entered 10 June 2014 by Judge Jerry R. Tillett in Pasquotank County Superior Court. Heard in the Court of Appeals 10 August 2015.

> *Roy Cooper, Attorney General, by Christine A. Goebel, Assistant Attorney General, for the State.*
>
> *Parish & Cooke, by James R. Parish, for defendant-appellant.*

DAVIS, Judge.

Tyshawn Hinton ("Defendant") appeals from his convictions for assault with a deadly weapon with intent to kill ("AWDWIK") and assault with a deadly weapon with intent to kill inflicting serious injury ("AWDWIKISI"). On appeal, he contends that the trial court erred in denying his motion to dismiss based on the insufficiency of the evidence. After careful review, we conclude that Defendant received a fair trial free from error.

**Factual Background**

The State presented evidence at trial tending to establish the following facts: On 22 February 2009, Daniel Lindsey ("Lindsey") left the birthday party of his sister, Valerie Lindsey ("Valerie"), at the American Legion Hut in Elizabeth City, North Carolina sometime between 1:00 and 2:00 a.m. After leaving the party, Lindsey stopped at the Sunoco Park 'N Shop ("the Sunoco") — a convenience store where people frequently gathered after leaving local clubs.

Lindsey called Valerie to tell her he was at the Sunoco. While on the phone, Valerie heard four or five gunshots followed by Lindsey stating, "I'm going to kill Little Ty. Little Ty is shooting at me." "Little Ty" is Defendant's nickname. Valerie then heard Lindsey running and the phone disconnected shortly thereafter.

Lindsey had observed Defendant come from behind the Sunoco, at which point Defendant had begun shooting at him. Lindsey recognized Defendant because he had known Defendant for a long time and Lindsey had previously dated Defendant's aunt.

In response to Defendant shooting at him, Lindsey jumped into a van belonging to his friend, Keith Bryant ("Bryant"), along with Bryant and Bryant's cousin, McGarrett Bryant. Bryant then drove away from the Sunoco, at which point Lindsey told Bryant and his cousin, "I can't believe they are shooting at me."

Bryant asked Lindsey "what he wanted to do," to which Lindsey responded that he wanted Bryant to take him to Pritchard Street — which was approximately

a two-minute drive from the Sunoco — where an unidentified female was supposed to pick him up. While still in Bryant's van, Lindsey made a phone call, during which he stated, "they just shot at me." Bryant then proceeded to drop Lindsey off at Pritchard Street and drove away.

Shortly thereafter, while standing on Pritchard Street and waiting for his ride, Lindsey heard someone call his name. Lindsey recognized the voice as that of Defendant. As Lindsey started to turn around, he was shot once in the neck. Lindsey did not actually see the person who shot him.

At approximately 2:51 a.m., Officer Paul Perry ("Officer Perry") with the Elizabeth City Police Department responded to a call from dispatch concerning a report about a person who had been shot and was lying on Pritchard Street. Officer Perry arrived at the scene and discovered Lindsey, who was lying on the ground and bleeding. Emergency medical personnel were summoned, arrived shortly thereafter and transported Lindsey to the hospital.

While en route to the hospital, emergency medical personnel performed a "neuro assessment" of Lindsey. The neuro assessment initially indicated that Lindsey had no feeling from the waist down. Over the course of the five-minute ride to the hospital, Lindsey's paralysis progressed rapidly throughout his body. Lindsey was ultimately rendered paralyzed from the neck down as a result of the shooting.

Approximately one month later, Sergeant Gary Bray ("Sergeant Bray") with the Elizabeth City Police Department interviewed Lindsey at the hospital. When Sergeant Bray asked Lindsey who had shot him, Lindsey responded that Defendant had done so.

Defendant was indicted on the charges of AWDWIK and AWDWIKISI. A jury trial was held on 9 June 2014 before the Honorable Jerry R. Tillett in Pasquotank County Superior Court.

On 10 June 2014, the jury found Defendant guilty of both charges. Defendant was sentenced to consecutive sentences of 73-97 months for AWDWIKISI and 22-36 months for AWDWIK. Defendant gave notice of appeal in open court.

**Analysis**

Defendant's sole argument on appeal is that the trial court erred in denying his motion to dismiss the charge of AWDWIKISI. Specifically, Defendant claims that the State's evidence was insufficient to establish Defendant's identity as the perpetrator of the shooting. We disagree.[1]

"This court reviews the trial court's denial of a motion to dismiss *de novo*." *State v. Smith*, 186 N.C. App. 57, 62, 650 S.E.2d 29, 33 (2007). To survive a defendant's motion to dismiss, there must be substantial evidence of (1) each essential element of the offense charged; and (2) defendant's being the perpetrator of

---

[1] Defendant does not challenge his conviction for AWDWIK on appeal. Any issues Defendant might have raised as to that claim are therefore deemed abandoned. *See* N.C.R. App. P. 28(b)(6).

that offense. *State v. Fritsch*, 351 N.C. 373, 378, 526 S.E.2d 451, 455, *cert. denied*, 531 U.S. 890, 148 L.Ed.2d 150 (2000). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Smith*, 186 N.C. App. at 62, 650 S.E.2d at 33 (citation and quotation marks omitted).

In reviewing a motion to dismiss, we must consider the evidence in the light most favorable to the State and afford the State every reasonable inference. *State v. Lyons*, 340 N.C. 646, 658, 459 S.E.2d 770, 776 (1995). "Circumstantial evidence may withstand a motion to dismiss and support a conviction even when the evidence does not rule out every hypothesis of innocence." *State v. Stone*, 323 N.C. 447, 452, 373 S.E.2d 430, 433 (1988). If the evidence presented is circumstantial, the trial court must determine whether the circumstances give rise to a reasonable inference of the defendant's guilt. *Fritsch*, 351 N.C. at 379, 526 S.E.2d at 455. "Once the court decides that a reasonable inference of defendant's guilt may be drawn from the circumstances, then it is for the jury to decide whether the facts, *taken singly or in combination*, satisfy it beyond a reasonable doubt that the defendant is actually guilty." *Id.* (citation, quotation marks, and brackets omitted).

Where, as here, a defendant only disputes the sufficiency of the evidence establishing his identity as the perpetrator of the crime, we review the evidence for "proof of motive, opportunity, capability and identity, all of which are merely different ways to show that a particular person committed a particular crime." *State v. Bell*,

65 N.C. App. 234, 238, 309 S.E.2d 464, 467 (1983), *aff'd per curiam*, 311 N.C. 299, 316 S.E.2d 72-73 (1984). These factors, while not essential elements of the crime, are relevant in identifying the defendant as the perpetrator of a crime. *Id.* "In order for this Court to hold that the State has presented sufficient evidence of defendant's opportunity to commit the crime in question, the State must have presented at trial evidence not only placing the defendant at the scene of the crime, but placing him there at the time the crime was committed." *State v. Hayden*, 212 N.C. App. 482, 488, 711 S.E.2d 492, 497, *disc. review denied,* 365 N.C. 349, 717 S.E.2d 737-38 (2011).

In the present case, the State produced substantial circumstantial evidence from which the jury could reasonably conclude that Defendant committed the offense of AWDWIKISI. Lindsey testified that he saw Defendant come from behind the Sunoco station and shoot at him — a fact Defendant does not challenge. Lindsey was familiar with Defendant, as he had known Defendant for some time and at one point had dated Defendant's aunt. Valerie also testified as to Lindsey's having identified Defendant as the shooter at the Sunoco while she was on the phone with him.

Furthermore, the shooting incident at the Sunoco and the shooting incident on Pritchard Street were close in time and in distance. Pritchard Street is approximately a "two minute" drive from the Sunoco station, which supports the inference that Defendant pursued Lindsey from the Sunoco to Pritchard Street.

Moreover, Lindsey repeatedly stated at trial that he heard Defendant call out his name right before being shot. This identification of Defendant by Lindsey provides circumstantial evidence that Defendant had the opportunity and the means to commit the crime in question as it placed Defendant — who was shown to be armed with a firearm given his attempted shooting of Lindsey minutes before at the Sunoco — at the scene of the crime at the time the crime was committed. *See State v. McNeil*, 359 N.C. 800, 804, 617 S.E.2d 271, 274 (2005) ("If there is substantial evidence — whether direct, circumstantial, or both — to support a finding that the offense charged has been committed and that the defendant committed it, the case is for the jury and the motion to dismiss should be denied." (citation, quotation marks, and alteration omitted)). Therefore, we conclude that sufficient evidence existed for resolution by the jury as to this charge.

## Conclusion

For the reasons stated above, we conclude that Defendant received a fair trial free from error.

NO ERROR.

Judges STROUD and INMAN concur.

Report per Rule 30(e).