An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA24-730

Filed 16 July 2025

New Hanover County, Nos. 20CRS053666-640, 20CRS053667-640

STATE OF NORTH CAROLINA

       v.

EDWARD HUCKABEE, Defendant.

Appeal by Defendant from judgments entered 13 December 2023 by Judge G. Frank Jones in New Hanover County Superior Court. Heard in the Court of Appeals 9 April 2025.

> *Attorney General Jeff Jackson, by Assistant Attorney General Caden William Hayes, for the State.*
>
> *Andrew Nelson, for Defendant-Appellant.*

CARPENTER, Judge.

Edward Huckabee ("Defendant") appeals from the trial court's 13 December 2023 judgments after a jury found him guilty of one count each of first-degree murder, felonious breaking or entering, and possession of a firearm by a felon. Defendant argues the trial court erred by: (1) failing to dismiss his first-degree murder charge; (2) instructing the jury on first-degree murder; and (3) failing to arrest judgment

concerning his conviction of felonious breaking or entering. After careful review, we discern no error.

## I. Factual & Procedural Background

On 1 February 2021, a New Hanover County grand jury returned true bills of indictment against Defendant on one count each of first-degree murder, felonious breaking or entering, and possession of a firearm by a felon. On 27 November 2023, Defendant's case proceeded to trial and the evidence tended to show the following.

On 18 May 2020, Defendant, his brother, and an unidentified individual drove past Levern Shawn Grady's house in a blue vehicle and parked down the street. Shortly thereafter, the blue vehicle drove back towards Grady's house and parked out front. After the blue vehicle parked, Grady, who had been on the porch of his house, went inside and shut the front door. Defendant and his brother, who were carrying loaded firearms, chased after Grady, opened the front door, and charged into the house.

Shortly after entering, Defendant and his brother fled from Grady's house and jumped into the blue vehicle, which quickly drove off. After hearing what he believed to be gunshots and observing individuals flee Grady's house, Grady's next-door neighbor, Charles Brinkley, walked over to Grady's house. Once the blue vehicle sped away, Grady emerged from his house and told Brinkley that he had "been shot." Upon receiving a report of a shooting, officers with the Wilmington Police Department responded to Grady's house, discovered Grady lying on the front porch, and provided

Grady with medical care. Grady told one responding officer, Lieutenant Joseph LaChappelle, that "Demo" shot him and left the scene in a blue vehicle. Demo is Defendant's street name. Grady was transported to the hospital, where he later died from two gunshot wounds in his upper torso.

Officers searched Grady's house and discovered two shell casings of different calibers in the "dining room at the entryway of [Grady's] bedroom." Additionally, officers observed two bullet holes in Grady's bedroom door and the clothing which was hanging on the back of the door. Officers also found a spent bullet inside Grady's room, alongside "a portable safe, multiple plastic bags [of] a white crystalline substance" and approximately $4,000 in cash. The second bullet remained lodged in Grady's torso.

At the close of the State's evidence, Defendant moved to dismiss all charges for insufficient evidence. The trial court denied Defendant's motion and concluded the State presented "substantial evidence of each essential element of each charged offense . . . ." On 13 December 2023, the jury found Defendant guilty of first-degree murder, felonious breaking or entering, and possession of a firearm by a felon. The jury found Defendant guilty of first-degree murder under the theories of malice, premeditation, and deliberation ("MPD") and the felony-murder rule. The trial court sentenced Defendant to life in prison without the possibility of parole for first-degree murder; fifteen months' minimum to twenty-seven months' maximum imprisonment for felonious breaking or entering; and nineteen months' minimum to thirty-two

months' maximum imprisonment for possession of a firearm by a felon. Defendant gave oral notice of appeal.

## II. Jurisdiction

This Court has jurisdiction under to N.C. Gen. Stat. §§ 7A-27(b)(1) and 15A-1444(a) (2023).

## III. Issues

The issues are whether the trial court erred by: (1) failing to dismiss Defendant's first-degree murder charge; (2) instructing the jury on first-degree murder; and (3) failing to arrest judgment concerning the conviction of felonious breaking or entering.

## IV. Analysis

Defendant argues the trial court erred by failing to dismiss his first-degree murder charge for insufficient evidence, instructing the jury that it could find him guilty of first-degree murder based on MPD and the felony-murder rule, and failing to arrest judgment concerning his conviction of felonious breaking or entering. For the following reasons, we discern no error.

### A. Motion to Dismiss

First, Defendant contends the trial court erred by denying his motion to dismiss the charge of first-degree murder. According to Defendant, the State presented insufficient evidence of first-degree murder based on either MPD or the felony-murder rule. We disagree.

This Court "reviews the denial of a motion to dismiss for insufficient evidence de novo." *State v. Taylor*, 203 N.C. App. 448, 458, 691 S.E.2d 755, 763 (2010) (cleaned up). Under a de novo review, this Court "'considers the matter anew and freely substitutes its own judgment' for that of the lower tribunal." *State v. Williams*, 362 N.C. 628, 632–33, 669 S.E.2d 290, 294 (2008) (quoting *In re Greens of Pine Glen, Ltd. P'ship*, 356 N.C. 642, 647, 576 S.E.2d 316, 319 (2003)).

"Upon [a] defendant's motion for dismissal, the question for the Court is whether there is substantial evidence (1) of each essential element of the offense charged, or of a lesser offense included therein, and (2) of defendant's being the perpetrator of such offense. If so, the motion is properly denied." *State v. Powell*, 299 N.C. 95, 98, 261 S.E.2d 114, 117 (1980). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *State v. Smith*, 300 N.C. 71, 78, 265 S.E.2d 164, 169 (1980).

On a motion to dismiss, we consider the evidence " 'in the light most favorable to the State; the State is entitled to every reasonable intendment and every reasonable inference to be drawn therefrom . . . .' " *State v. Winkler*, 368 N.C. 572, 574–75, 780 S.E.2d 824, 826 (2015) (quoting *State v. Powell*, 299 N.C. 95, 99, 261 S.E.2d 114, 117 (1980)). To survive a motion to dismiss, "[t]he evidence need only give rise to a reasonable inference of guilt in order for it to be properly submitted to the jury . . . ." *State v. Stone*, 323 N.C. 447, 452, 373 S.E.2d 430, 433 (1988) (citations omitted).

**1. Felony-Murder Rule**

The State charged Defendant with first-degree murder under the felony-murder rule based on the predicate offense of felonious breaking or entering. Defendant only challenges the evidence of his intent to commit larceny, as required for felonious breaking or entering, upon his entrance into Grady's house.

"Felony murder elevates a homicide to first-degree murder if the killing is committed in the perpetration or attempted perpetration of certain felonies or any 'other felony committed or attempted with the use of a deadly weapon[.]' " *State v. Frazier*, 248 N.C. App. 252, 262, 790 S.E.2d 312, 320 (2016) (quoting N.C. Gen. Stat. § 14-17(a)) (alteration in original). The elements of felonious breaking or entering are: (1) the breaking or entering, (2) of a building, (3) with the intent to commit any felony or larceny therein, and (4) without the owner or occupant's consent. *State v. Williams*, 330 N.C. 579, 585, 411 S.E.2d 814, 818 (1992). As to felonious breaking or entering, the " 'jury may infer the requisite specific intent to commit larceny at the time of the breaking or entering from the acts and conduct of the defendant and the general circumstances existing at the time of the alleged commission of the offense charged.' " *State v. Garcia*, 174 N.C. App. 498, 503, 621 S.E.2d 292, 296 (2005). The larceny need not be successfully completed; the only requirement is that the defendant possess the intent to commit larceny during the instance of breaking or entering. *Id.* at 503, 621 S.E.2d at 296. "Intent is a mental attitude seldom provable by direct evidence. It must ordinarily be proved by circumstances from which it may

be inferred." *State v. Baskin*, 190 N.C. App. 102, 109, 660 S.E.2d 566, 572 (citation and quotation marks omitted), *disc. review denied*, 362 N.C. 475, 666 S.E.2d 648 (2008).

Here, the evidence demonstrates that before entering Grady's house, the blue vehicle drove past Grady's house while Grady was sitting on the front porch and parked a short distance down the street. Thereafter, the blue vehicle returned and parked directly in front of Grady's house, positioned for a quick getaway. After Grady left his position on the front porch and went inside his house, Defendant and his brother, carrying firearms, exited the blue vehicle and chased Grady inside. Inside the house, Grady retreated to his bedroom, where narcotics and a significant sum of cash were located, and shut the bedroom door. Defendant and his brother followed Grady to his bedroom and fired shots through the bedroom door. No evidence demonstrated that Defendant interacted with any other part of Grady's house.

Based on Defendant's conduct surrounding his entry into Grady's house, *see Garcia*, 174 N.C. App. at 503, 621 S.E.2d at 296, and viewing the evidence in the light most favorable to the State, *see Winkler*, 368 N.C. at 574–75, 780 S.E.2d at 826, it is reasonable to infer that Defendant entered Grady's house with the intent to commit larceny therein, *see Stone*, 323 N.C. at 452, 373 S.E.2d at 433 (citations omitted). Therefore, the State presented substantial evidence of first-degree murder based on the felony-murder rule. Accordingly, the trial court did not err by denying Defendant's motion to dismiss. *See Powell*, 299 N.C. at 98, 261 S.E.2d at 117.

**2. MPD**

The State also charged Defendant with first-degree murder based on MPD. Defendant argues the State presented insufficient evidence of his specific intent to kill Grady.

First-degree murder based on MPD requires the State prove "(1) the unlawful killing, (2) of another human being, (3) with malice, and (4) with premeditation and deliberation." *State v. Smith*, 289 N.C. App. 233, 244, 888 S.E.2d 706, 716 (2023). The defendant must have acted with the specific intent to kill the victim. *State v. Coble*, 351 N.C. 448, 449–50, 527 S.E.2d 45, 47 (2000). But there is no time restriction for premeditation and deliberation, as it can form anytime " 'before the actual killing.' " *State v. Hicks*, 241 N.C. App. 345, 354, 772 S.E.2d 486, 492 (2015) (quoting *State v. Clark*, N.C. App. 421, 423, 752 S.E.2d 709, 711 (2013)). "Premeditation and deliberation ordinarily are not susceptible to proof by direct evidence; therefore, they generally must be proved by circumstantial evidence," including:

> (1) want of provocation on the part of the deceased, (2) conduct and statements of the defendant before and after the killing, (3) threats made against the victim by defendant, (4) ill will or previous difficulty between the parties, and (5) evidence that the killing was done in a brutal manner.

*State v. Hamilton*, 338 N.C. 193, 206, 449 S.E.2d 402, 410 (1994) (quoting *State v. Woodard*, 324 N.C. 227, 231, 376 S.E.2d 753, 755 (1989) (internal quotation marks omitted)).

Despite arguing the State failed to prove he had the specific intent to kill Grady, Defendant concedes the State's evidence demonstrates he "fired a single shot, through a closed door, into a bedroom into which [Grady] had recently retreated." In addition, the evidence shows Defendant carried a loaded firearm while he chased Grady into the house. Further, once inside the house, Grady retreated to his bedroom and shut the door, creating a barrier between Grady and Defendant. Thereafter, Defendant followed Grady to the bedroom and shot through the door—firing into a room in which Defendant knew Grady was hiding. After firing into the door, Defendant fled from Grady's house and sped away in the blue vehicle. These facts demonstrate Defendant's conduct before and after he fired into Grady's bedroom and are circumstantial evidence of Defendant's specific intent to kill. *See Hamilton*, 338 N.C. at 206, 449 S.E.2d at 410.

Viewing these facts in the light most favorable to the State, it is reasonable to infer that Defendant possessed the specific intent to kill Grady just before firing through the bedroom door. *See Winkler*, 368 N.C. at 574–75, 780 S.E.2d at 826; *Stone*, 323 N.C. at 452, 373 S.E.2d at 433 (citations omitted). Therefore, the State presented substantial evidence of first-degree murder based on MPD. Accordingly, the trial court did not err by denying Defendant's motion to dismiss. *See Powell*, 299 N.C. at 98, 261 S.E.2d at 117.

## B. Jury Instructions

Next, Defendant asserts the trial court erred by instructing the jury on first-

degree murder.  Specifically, Defendant argues the State did not present sufficient evidence of first-degree murder based on either MPD or the felony-murder rule. Therefore, according to Defendant, the trial court committed plain error by instructing the jury on first-degree murder.  We disagree.

Because Defendant did not object to the trial court's instruction on first-degree murder, the argument is not preserved for our review.  *See Regions Bank v. Baxley Com. Props., LLC*, 206 N.C. App. 293, 298–99, 697 S.E.2d 417, 421 (2010) (citing N.C. R. App. P. 10(b)(1)) ("In order to preserve an issue for appellate review, the appellant must have raised that specific issue before the trial court to allow it to make a ruling on that issue.").  Nonetheless, we may "review unpreserved issues for plain error when they involve either (1) errors in the judge's instructions to the jury, or (2) rulings on the admissibility of evidence."  *State v. Gregory*, 342 N.C. 580, 584, 467 S.E.2d 28, 31 (1996) (citing *State v. Sierra*, 335 N.C. 753, 761, 440 S.E.2d 791, 796 (1994)).  The defendant, however, must "specifically and distinctly" argue plain error.  *See State v. Frye*, 341 N.C. 470, 496, 461 S.E.2d 664, 677 (1995); N.C. R. App. P. 10(a)(4).  As Defendant "specifically and distinctly" argues the trial court plainly erred by instructing the jury on first-degree murder, we will review for plain error.  *See Frye*, 341 N.C. at 496, 461 S.E.2d at 677.

To establish plain error, a defendant must pass a three-part test:

> First, the defendant must show that a fundamental error occurred at trial. Second, the defendant must show that the error had a probable impact on the outcome, meaning that

> absent the error, the jury probably would have returned a different verdict. Finally, the defendant must show that the error is an exceptional case that warrants plain error review, typically by showing that the error seriously affects the fairness, integrity or public reputation of judicial proceedings.

*State v. Reber*, 386 N.C. 153, 158, 900 S.E.2d 781, 786 (2024) (internal quotation marks and citations omitted). "[A] trial judge should not give instructions to the jury which are not supported by the evidence produced at the trial." *State v. Epps*, 231 N.C. App. 584, 586, 752 S.E.2d 733, 734 (2014) (alteration in original and citation omitted).

As explained above, the State presented sufficient evidence of first-degree murder based on both MPD and the felony-murder rule. As such, the trial court did not err in its instructions to the jury on first-degree murder. *See id.* at 586, 752 S.E.2d at 734. Thus, because the trial court did not err, it did not plainly err. *See Reber*, 386 N.C. at 158, 900 S.E.2d at 786 (internal quotation marks and citations omitted).

**C. Arresting Judgment**

Finally, Defendant presents an alternative argument in the event we conclude the trial court erred by allowing the jury to convict him of first-degree murder based on MPD but not of first-degree murder based on the felony-murder rule. Specifically, Defendant argues the trial court erred by failing to arrest judgment concerning the charge of felonious breaking or entering.

"[A] defendant may not be punished both for felony murder and for the underlying, 'predicate' felony, even in a single prosecution." *State v. Barlowe*, 337 N.C. 371, 380, 446 S.E.2d 352, 358 (1994) (quoting *State v. Gardner*, 315 N.C. 444, 460, 340 S.E.2d 701, 712 (1986)). Under the merger rule, the underlying felony supporting a conviction for felony murder merges into the murder conviction. *Id.* at 380, 446 S.E.2d at 358. But the merger rule for felony murder does not apply when the defendant is convicted of first-degree murder based on both felony murder and MPD. *State v. Rush*, 196 N.C. App. 307, 314, 674 S.E.2d 764, 770 (2009).

Here, the jury found Defendant guilty of first-degree murder based on both the felony-murder rule and MPD. Consequently, the merger rule for felony murder is not applicable to Defendant's case. *See id.* at 314, 674 S.E.2d at 770. Because the trial court did not err by allowing the jury to convict Defendant on first-degree murder based on MPD, Defendant's alternative argument fails.

## V. Conclusion

We conclude the trial court did not err in denying Defendant's motion to dismiss because the State presented substantial evidence of first-degree murder based on MPD and the felony-murder rule. Consequently, the trial court did not err in its instructions to the jury on first-degree murder. Finally, because the jury found Defendant guilty of first-degree murder based on both MPD and the felony-murder rule, the trial court did not err by not arresting judgment and sentencing Defendant for felonious breaking or entering. Accordingly, we discern no error.

NO ERROR.

Judges COLLINS and HAMPSON concur.

Report per Rule 30(e).