REGIONS BANK, Plaintiff v. BAXLEY COMMERCIAL PROPERTIES, LLC, BAXLEY DEVELOPMENT, INC. and BRANDON BAXLEY, Individually, Defendants

No. COA09-488

(Filed 3 August 2010)

**1. Appeal and Error— interlocutory orders and appeal— substantial right—possibility of inconsistent verdicts**

The Court of Appeals had jurisdiction over an appeal from an interlocutory order denying defendant's motion to set aside the trial court's entry of judgment and default judgment as to only one of three defendants. The order affected a substantial right under N.C.G.S. § 7A-27(d) based upon the possibility of inconsistent verdicts upon the same facts.

**2. Appeal and Error— preservation of issues—failure to raise at trial**

Although defendant contended the county clerk of superior court lacked jurisdiction under N.C.G.S. § 1A-1, Rules 55(b)(2) and 60(b)(4) to enter default, defendant did not properly preserve these arguments under N.C. R. App. P. 10(b)(1) by failing to raise them at trial.

Appeal by defendant Baxley Development, Inc. from order entered 28 January 2009 by Judge Carl R. Fox in Superior Court, Wake County. Heard in the Court of Appeals 15 October 2009.

REGIONS BANK v. BAXLEY COMMERCIAL PROPS., LLC

[206 N.C. App. 293 (2010)]

*McGuireWoods LLP, by Christian M. Kennedy, for plaintiff-appellee.*

*Baxley Development, Inc.*[1]

STROUD, Judge.

Baxley Development, Inc. ("defendant BDI") appeals from a trial court's order denying its motion to set aside an entry of default and default judgment in favor of Regions Bank ("plaintiff"). For the following reasons, we affirm.

## I. Background

Defendants BDI and Brandon Baxley ("defendant Baxley") executed separate guaranty agreements guaranteeing full and prompt payment of two promissory notes ("promissory notes") executed by Baxley Commercial Properties, LLC ("defendant BCP") and delivered to plaintiff, in the amounts of $1,127,750 and $296,500, respectively. On 15 August 2008, plaintiff filed suit against defendants BDI, BCP, and Baxley. The complaint alleged two breach of contract claims against defendant BCP for default under both promissory notes. The complaint further alleged that all amounts in both promissory notes were due; defendant BCP was indebted to plaintiff in the principal amount, plus accrued fees, interest and attorney's fees and costs; plaintiff had made demand from defendant BCP for payment of the indebtedness; and defendant BCP had failed or refused to pay. Plaintiff also made claims against defendant BDI and defendant Baxley as guarantors of the promissory notes. Defendants were served with plaintiff's complaint on 19 August 2008.

On 18 September 2008, defendant Baxley filed a motion to extend time to answer plaintiff's complaint with the Wake County Clerk of Superior Court's office on behalf of himself, defendant BCP, and defendant BDI. The clerk of court granted the extension of time to answer for defendant Baxley only and explained to Mr. Baxley that he would have to obtain an attorney to get the extensions for the two

---

1. On 28 May 2009, defendant BDI's appellate counsel James H. Hughes of Hoof & Hughes, PLLC, filed a brief with this Court on behalf of defendant BDI. However, on 18 August 2009, Mr. Hughes was permitted by this Court to withdraw as counsel of record for defendant BDI. Thus, defendant BDI was originally represented by counsel on appeal. However, we do not identify defendant BDI as proceeding *pro se* because "in North Carolina a corporation must be represented by a duly admitted and licensed attorney-at-law and cannot proceed *pro se* unless doing so in accordance with" certain exceptions which are not applicable here. *Lexis-Nexis, Div. of Reed Elsevier, Inc. v. Travishan Corp.*, 155 N.C. App. 205, 209, 573 S.E.2d 547, 549 (2002).

**REGIONS BANK v. BAXLEY COMMERCIAL PROPS., LLC**

[206 N.C. App. 293 (2010)]

corporate entities. On 19 September 2008, an individual representing himself as an attorney went to the Wake County Clerk of Superior Court's office seeking an extension of time on behalf of defendant BDI and defendant BCP, pursuant to the original motion to extend time to answer filed by defendant Baxley the day before. As this individual did not file a new motion on behalf of defendant BCP or defendant BDI, the clerk did not grant an extension of time as to either defendant BDI or defendant BCP.

On 29 September 2008, plaintiff filed motions for entry of default and default judgment against defendant BDI. On 1 October 2008, the Assistant Clerk of Wake County Superior Court granted plaintiff's motions. On 4 November 2008, defendant BDI moved to set aside the entry of default and default judgment. This motion was heard in Superior Court, Wake County on 26 January 2009. The trial court denied defendant's motion by written order dated 28 January 2009. Defendant BDI filed timely notice of appeal on 28 January 2009.

## II. Grounds for Appellate Review

**[1]** Defendant BDI first contends that this Court has jurisdiction to hear its appeal pursuant to N.C. Gen. Stat. § 7A-27(b). In the alternative, defendant BDI contends that this Court has jurisdiction over this appeal because it is an appeal from an interlocutory order that affects a substantial right pursuant to N.C. Gen. Stat. §§ 1-277 and 7A-27(d). In the alternative, defendant BDI asks this Court to consider its appeal as a petition for a writ of certiorari, pursuant to N.C.R. App. P. 21(a)(1). Plaintiff makes no argument contesting this Court's jurisdiction.

N.C. Gen. Stat. § 7A-27(b) (2009) sets forth the right to appeal as follows:

> From any final judgment of a superior court, other than the one described in subsection (a) of this section, or one based on a plea of guilty or nolo contendere, including any final judgment entered upon review of a decision of an administrative agency, appeal lies of right to the Court of Appeals.

"A final judgment is one which disposes of the cause as to all the parties, leaving nothing to be judicially determined between them in the trial court." *Atkins v. Beasley*, 53 N.C. App. 33, 36, 279 S.E.2d 866, 869 (1981) (citation and quotation marks omitted). Here, defendant BDI appeals from the trial court's denial of defendant BDI's motion to set aside the trial court's entry of judgment and default judgment as to

only one of three defendants. The trial court's order disposed of the case as to defendant BDI only, leaving plaintiff's claims against defendant Baxley and defendant BCP "to be judicially determined[.]" *See id.* Therefore, the trial court's order denying defendant BDI's to set aside the entry of default and default judgment was not a final judgment. *See Blackwelder v. State Dep't of Human Resources*, 60 N.C. App. 331, 333, 299 S.E.2d 777, 779 (1983) ("A ruling is interlocutory in nature if it does not determine the issues but directs some further proceeding preliminary to final decree.").

N.C. Gen. Stat. § 7A-27(d) and N.C. Gen. Stat. § 1-277 provide "that no appeal lies to an appellate court from an interlocutory order or ruling of the trial judge unless such ruling or order deprives the appellant of a substantial right which he would lose if the ruling or order is not reviewed before final judgment." *Waters v. Qualified Personnel, Inc.*, 294 N.C. 200, 207, 240 S.E.2d 338, 343 (1978) (citation and quotation marks omitted). "The reason for these rules is to prevent fragmentary, premature and unnecessary appeals by permitting the trial divisions to have done with a case fully and finally before it is presented to the appellate division." *Id.* "Our courts generally have taken a restrictive view of the substantial right exception[,]" and "[t]he burden is on the appellant to establish that a substantial right will be affected unless he is allowed immediate appeal from an interlocutory order." *Embler v. Embler*, 143 N.C. App. 162, 166, 545 S.E.2d 259, 262 (2001) (citations omitted). Defendant BDI contends that this appeal affects a substantial right "in that upholding the default judgment against BDI brings about the possibility of inconsistent verdicts upon the same facts." We agree.

We have previously held that "[t]he right to avoid the possibility of [multiple] trials on the same issues can be a substantial right that permits an appeal of an interlocutory order when there are issues of fact common to the claim appealed and remaining claims." *Allen v. Sea Gate Ass'n*, 119 N.C. App. 761, 763, 460 S.E.2d 197, 199 (1995); *see Green v. Duke Power Co.*, 305 N.C. 603, 608, 290 S.E.2d 593, 596 (1982) (stating that "the possibility of undergoing a second trial affects a substantial right only when the same issues are present in both trials, creating the possibility that a party will be prejudiced by different juries in separate trials rendering inconsistent verdicts on the same factual issue"). Based entirely upon the answer filed by defendant Baxley, defendant BDI alleged in its motion to set aside the entry of default and default judgment that it had a meritorious defense. Defendant Baxley's answer raised a defense as follows:

REGIONS BANK v. BAXLEY COMMERCIAL PROPS., LLC

[206 N.C. App. 293 (2010)]

1. The notes attached to the Plaintiff's complaint as Exhibits A and B were secured by a deed of trust given to Regions Bank by BCP on property located in Charleston County, South Carolina (the "Property").

2. The fair market value of the Property is far in excess of all amounts Plaintiff contends is owed by BCP on the notes.

3. Upon information and belief, plaintiff has commenced foreclosure proceedings on the Property, but has failed to complete said foreclosure.

4. Pursuant to NCGS §26-7, Brandon Baxley and Baxley Development, Inc, guarantors of the notes attached to the Plaintiff's complaint as Exhibits A and B, hereby give notice to Regions Bank to use all reasonable diligence to realize upon the securities which it holds for the obligations and to proceed to a conclusion on the foreclosure it has commenced upon the property securing the notes.

5. To the extent that the plaintiff fails to act in accordance with the notice set out above, Brandon Baxley and Baxley Development, Inc[.] should be discharged from their obligations as guarantors to the notes pursuant to NCGS §26-9, and, pleads said discharge as a bar to Plaintiff's recovery in this action against them.

Thus, guarantors defendant Baxley and defendant BDI raise the same defense: they are not liable as guarantors because plaintiff failed to complete foreclosure proceedings against real property given to plaintiff by defendant BCP as security for the promissory notes. The trial court denied defendant BDI's motion to set aside entry of default and default judgment, making defendant BDI liable to plaintiff as guarantor. However, the ongoing case in the trial court against defendants Baxley and BCP involves the same issues and facts raised in defendant BDI's appeal. Thus, if the default against BDI were reversed, there would be another trial on the same issues as to BDI, which could result in a verdict which is not consistent with the verdict in the earlier trial as to defendants Baxley and BCP. Therefore, this interlocutory appeal affects a substantial right, and, accordingly, we address the merits of defendant BDI's appeal.

III. Motion to Set Aside Entry of Default and Default Judgment

[2] Defendant BDI contends that the Wake County Clerk of Superior Court lacked jurisdiction under N.C. Gen. Stat. § 1A-1, Rule 55(b) to

enter default because defendant Baxley made a proper appearance on behalf of all three defendants on 18 September 2008 prior to the expiration of the time to answer or otherwise plead. Citing N.C. Gen. Stat. § 1A-1, Rule 60(b)(4), defendant BDI concludes that since entry of default by the clerk of court was in error, the clerk of court's default judgment "is void as a matter of law[,]" and the trial court's denial of defendant BDI's motion to set aside entry of default and default judgment was in error and should be reversed.

Defendant BDI in its written motion to set aside entry of default and default judgment brought forth only one argument to the trial court supporting its motion:

> 3. Brandon Baxley's attempt to obtain an extension of time on behalf of Baxley Development, Inc. constitutes excusable neglect as set forth in Rule 60(b) of the Rules of Civil Procedure.

Defendant BDI's argument in its written motion is clearly based upon N.C. Gen. Stat. § 1A-1, Rule 60(b)(1) (2008) ("On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) Mistake, inadvertence, surprise, or *excusable neglect*[.]") (emphasis added); *see Estate of Teel by Naddeo v. Darby*, 129 N.C. App. 604, 607, 500 S.E.2d 759, 762 (1998) ("A party moving to set aside a judgment under [Rule 60](b)(1) must show not only mistake, inadvertence, surprise or excusable neglect, but also the existence of a meritorious defense.").

However, defendant BDI's brief before this Court bases its argument upon N.C. Gen. Stat. § 1A-1, Rule 60(b)(4) ("On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: . . . (4) The judgment is void[.]"); *see Gibby v. Lindsey*, 149 N.C. App. 470, 473, 560 S.E.2d 589, 591 (2002) (Pursuant to Rule 60(b)(4), "[a] defendant may be relieved from a final judgment, including a default judgment, if the judgment is void.").

As the record on appeal contains no transcript from the 26 January 2009 hearing on defendant BDI's motion to set aside entry of default and default judgment in the record on appeal, we have to assume that the argument in defendant BDI's written motion was the same argument defense counsel presented to the trial court at the hearing upon defendant BDI's motion. In order to preserve an issue for appellate review, the appellant must have raised that specific

issue before the trial court to allow it to make a ruling on that issue. N.C.R. App. P. 10(b)(1). As defendant BDI failed to raise its Rule 60(b)(4) argument before the trial court in its written motion, it cannot "swap horses between courts in order to get a better mount [on appeal]." *State v. Sharpe*, 344 N.C. 190, 194, 473 S.E.2d 3, 5 (1996) (citations and quotation marks omitted), *cert. denied*, 350 N.C. 848, 539 S.E.2d 647 (1999). Therefore, defendant BDI did not properly preserve its Rule 60(b)(4) argument for appellate review. Defendant BDI also raises no argument in its brief before this Court as to Rule 60(b)(1) and it is deemed abandoned. *See* N.C.R. App. P. 10(b)(1).

Defendant BDI further contends that because defendants made an appearance, Rule 55 mandates that all defendants should have been served with written notice of the default judgment hearing at least three days prior to that hearing. *See* N.C. Gen. Stat. § 1A-1, Rule 55(b)(2) (2009) ("If the party against whom judgment by default is sought has appeared in the action, that party (or, if appearing by representative, the representative) shall be served with written notice of the application for judgment at least three days prior to the hearing on such application."). Since defendant BDI was not served with notice three days prior to that hearing, it argues that the trial court erroneously denied its motion to set aside entry of default and default judgment. However, defendant BDI also failed to raise this issue before the trial court. Defendant BDI's written motion to set aside entry of judgment and default judgment does not contain any contention regarding an error in notice as to the default judgment hearing. *See* N.C.R. App. P. 10(b)(1).

As defendant BDI's arguments were not properly preserved for appellate review, we affirm the trial court's denial of defendant's motion to set aside entry of default and default judgment.

AFFIRMED.

Judges STEPHENS and BEASLEY concur.