TYSON, Judge.
 

 *358
 
 Michael A. Davignon ("Defendant") appeals from orders awarding court expenses and attorney's fees to Plaintiff, and an order relinquishing child support jurisdiction. We reverse and remand.
 

 *359
 

 I. Factual Background
 

 Defendant and Carley Davignon ("Plaintiff") were married on 22 May 1999, and separated on 16 November 2008. Two children were born of the marriage.
 

 Both parties continued to live in Mecklenburg County, North Carolina after they initially separated. Plaintiff commenced this action on 19 February 2009, in which she sought: (1) child custody; (2) an order immediately sequestering the former marital residence to her; (3) child support; (4) postseparation support; (5) alimony; (6) equitable distribution; (7) interim distribution of marital and divisible property; and, (8) attorney's fees.
 

 In August 2009, Plaintiff and the children moved to Pennsylvania. The trial court entered an order awarding temporary primary physical custody of the children to Plaintiff, with limited telephone visitation to Defendant, on 20 November 2009. Defendant also moved to Pennsylvania in 2011. The matter was set for trial in Mecklenburg County on 8 June 2011.
 

 On 6 June 2011, counsel for Defendant was notified that Defendant had been incarcerated in Pennsylvania and could not attend the 8 June 2011 trial. On 7 June 2011, counsel for Defendant filed a motion to continue, which the trial court granted the following day.
 

 Plaintiff filed a motion for court expenses, which she allegedly incurred in anticipation of the trial set to begin on 8 June 2011. The trial court entered a written order on 17 April 2013, which granted Plaintiff's motion and ordered Defendant to pay to Plaintiff costs in the amount of $4,640.57. The trial court made the following findings of fact to support its order granting Plaintiff's motion for court expenses:
 

 5. Plaintiff had to fly from her home in Camp Hill, Pennsylvania to Charlotte. This cost a total of $817.90.... Plaintiff also incurred various expenses for eating while she was in Charlotte. These food expenses, which also include some meals shared by her and her father, William McClure, Jr., total $408.40. These expenses also include gas for the car jointly rented by Plaintiff and William McClure....
 

 6. Plaintiff and her father, William McClure, Jr., obtained a hotel room at Courtyard by Marriott. The costs [sic] for this room from June 6-8, 2011 was $511.35....
 

 *360
 
 7. Plaintiff's father ... flew from Jackson, Wyoming to Charlotte in order to testify on behalf of his daughter.... William McClure, Jr. and Plaintiff split a rental car [from] Hertz. This cost a total of $229.67.... Mr. McClure had to purchase an airline ticket to fly in from Jackson, Wyoming. This cost a total of $1,640.30....
 

 8. Plaintiff also had the childrens' [sic] visitation supervisor, Tom Bowman, fly in from Pennsylvania in order to testify at trial. The invoice for Mr. Bowman was for $1,337.50.... Because the Motion to Continue was granted, Mr. Bowman did not have to stay the two days that he was planning on for the trial. This decreased the bill by approximately $104.00 to an amount of $1,233.00. Plaintiff paid this bill in the amount of $1,233.00....
 

 9. Plaintiff incurred costs that totaled $4,640.62. These costs were incurred by
 
 *394
 
 Plaintiff even though Defendant filed a Motion to Continue and did not appear.
 

 Based on the foregoing findings of fact, the trial court concluded as a matter of
 

 4. Defendant purposefully and intentionally committed actions, which caused him to get arrested on or around June 7, 2011. These criminal actions had nothing to do with Plaintiff and none of them were for anything related to Plaintiff whatsoever.
 

 5. Plaintiff had to incur the court costs stated above in order to be present for trial on June 8, 2011 and in order to have her witnesses present at trial.
 

 6. Through the trial of this matter, Plaintiff has shown good cause as to why her Motion for Court Expenses should be granted.
 

 A hearing for Plaintiff's request for attorney's fees related to her child custody and child support claims was held on 15 January 2014. Neither party attended the hearing, and only counsel for Plaintiff and Defendant were present. Plaintiff did not offer any testimony or exhibits, other than an attorney's fees affidavit. On 31 March 2014, the trial court entered a written order awarding attorney's fees to Plaintiff in the amount of $30,000.00. The trial court made the following findings of fact in its order:
 

 *361
 
 1. Plaintiff's attorney, Eric D. Levine, filed an Affidavit of Attorneys' [sic] Fees on January 15, 2014, which set out his total attorneys' [sic] fees during the entire case. The Affidavit of Attorneys' [sic] Fees of Eric D. Levine states that he had worked 269 hours. Mr. Levine bills his clients at the normal hourly rate of $200.00 per hour, which is fair and equitable considering his experience. The bills of Mr. Levine totaled $53,800.00.
 

 2. Plaintiff did not have sufficient funds to defray the costs and expenses of this lawsuit, including attorneys' [sic] fees.
 

 On 18 December 2014, the trial court entered an order relinquishing child support jurisdiction. The trial court noted Plaintiff and the children had "relocated to Colorado approximately over one and a half years ago. Defendant moved from North Carolina to Pennsylvania over three years ago in 2011 and still resides there now." The trial court divested itself of jurisdiction in this matter, and ordered any and all "further proceedings regarding child support shall be in one of the parties' states of residence." Defendant gave timely notice of appeal to this Court.
 

 II. Issues
 

 Defendant argues the trial court erred by: (1) ordering Defendant to pay $4,640.57 to Plaintiff as court costs; and (2) ordering Defendant to pay $30,000.00 in attorney's fees.
 

 Defendant also purports to appeal from the trial court's order relinquishing child support jurisdiction. Defendant has failed to set out any arguments in his brief with regard to this order. It is well-settled that arguments not presented in an appellant's brief are deemed abandoned on appeal. N.C.R.App. P. Rule 28(b)(6) ("Issues not presented in a party's brief, or in support of which no reason or argument is stated, will be taken as abandoned.")
 
 See
 

 Guilford Cnty. Bd. of Educ. v. Guilford Cnty. Bd. of Elections,
 

 110 N.C.App. 506
 
 , 510,
 
 430 S.E.2d 681
 
 , 685 (1993) (citations omitted).
 

 III. Standard of Review
 

 "Whether a trial court has properly interpreted the statutory framework applicable to costs is a question of law reviewed
 
 de novo
 
 on appeal. The reasonableness and necessity of costs is reviewed for abuse of discretion."
 
 Peters v. Pennington,
 

 210 N.C.App. 1
 
 , 25,
 
 707 S.E.2d 724
 
 , 741 (2011) (citations omitted). "Where the applicable statutes afford the trial
 
 *362
 
 court discretion in awarding costs, we review the trial court's determinations for an abuse of discretion."
 
 Khomyak ex rel. Khomyak v. Meek,
 

 214 N.C.App. 54
 
 , 57,
 
 715 S.E.2d 218
 
 , 220 (2011),
 
 disc. review denied,
 
 - -- N.C. ----,
 
 720 S.E.2d 392
 
 (2012).
 

 Whether the statutory requirements of N.C. Gen.Stat. § 50-13.6 have been met to support an award of attorney's fees is a question of law. We review the trial court's determination
 
 de novo.
 
 "[T]he amount of attorney's fees is within the sound discretion of the trial judge and is only reviewable for an abuse of discretion."
 

 *395
 

 Atwell v. Atwell,
 

 74 N.C.App. 231
 
 , 237-38,
 
 328 S.E.2d 47
 
 , 51 (1985) (citation omitted).
 

 IV. Analysis
 

 A. Court Expenses
 

 Defendant argues the trial court erred by ordering him to pay court costs to Plaintiff for travel expenses in the amount of $4,640.57. Defendant contends the trial court awarded court expenses to Plaintiff, which were not permitted by statute. We agree.
 

 N.C. Gen.Stat. § 6-20 allows costs in a civil action "in the discretion of the court." N.C. Gen.Stat. § 6-20 (2013). Any costs awarded "are subject to the limitations on assessable or recoverable costs set forth in [N.C. Gen.Stat. § ] 7A-305(d), unless specifically provided for otherwise in the General Statues.
 

 Id.
 

 Prior to 2007, N.C. Gen.Stat. § 7A-305(d) set forth a list of expenses, which "when incurred, are assessable or recoverable, as the case may be. N.C. Gen.Stat. § 7A-305(d) (2006). In 2007, the General Assembly amended the statute to remedy a conflict between N.C. Gen.Stat. §§ 6-20 and 7A-305(d) and the appellate cases interpreting these statutes.
 
 2006 N.C. Sess. Laws 248
 
 . N.C. Gen.Stat. § 7A-305(d), as amended, now provides:
 

 The following expenses, when incurred, are assessable or recoverable, as the case may be.
 
 The expenses set forth in this subsection are complete and exclusive and constitute a limit on the trial court's discretion to tax costs pursuant to [N.C. Gen.Stat. § ] 6-20 :
 

 (1) Witness fees, as provided by law.
 

 (2) Jail fees, as provided by law.
 

 (3) Counsel fees, as provided by law.
 

 *363
 
 (4) Expense of service of process by certified mail and by publication.
 

 (5) Costs on appeal to the superior court, or to the appellate division, as the case may be, of the original transcript of testimony, if any, insofar as essential to the appeal.
 

 (6) Fees for personal service and civil process and other sheriff's fees, as provided by law ....
 

 (7) Fees of mediators appointed by the court, mediators agreed upon by the parties, guardians ad litem, referees, receivers, commissioners, surveyors, arbitrators, appraisers, and other similar court appointees, as provided by law. The fee of such appointees shall include reasonable reimbursement for stenographic assistance, when necessary.
 

 (8) Fees of interpreters, when authorized and approved by the court.
 

 (9) Premiums for surety bonds for prosecution, as authorized by [N.C. Gen.Stat. § ] 1-109.
 

 (10) Reasonable and necessary expenses for stenographic and videographic assistance directly related to the taking of depositions and for the cost of deposition transcripts.
 

 (11) Reasonable and necessary fees of expert witnesses solely for actual time spent providing testimony at trial, deposition, or other proceedings.
 

 (12) The fee assessed pursuant to subdivision (2) of subsection (a) of this section upon assignment of a case to a special superior court judge as a complex business case.
 

 N.C. Gen.Stat. § 7A-305(d) (2013) (emphasis supplied).
 

 Recently, this Court recognized:
 

 Over the years, our case law took varied approaches in addressing issues concerning ... the discretion to determine whether a particular type of expense may be taxed as a cost. Some opinions provided the trial court discretion
 
 *364
 
 to assess not only those "statutory" costs enumerated under section 7A-305(d), but also "common law" costs, or costs which were traditionally allowed at common law. Other opinions provided the trial court could only assess those costs enumerated by statute.
 
 The General Assembly resolved the dispute by amending sections 6-20 and 7A-305(d) in 2007 to allow only those costs specifically authorized by statute, thereby eliminating
 

 *396
 

 any perceived discretion to tax "common law" costs.
 

 Khomyak,
 

 214 N.C.App. at 58-59
 
 ,
 
 715 S.E.2d at 221
 
 (emphasis supplied).
 
 See
 

 Peters v. Pennington,
 

 210 N.C.App. 1
 
 , 25,
 
 707 S.E.2d 724
 
 , 741 (2011) ( "When [ N.C. Gen.Stat. §§ 6-20 and 7A-305(d) are] read together, it is clear that costs require statutory authorization and that section 7A-305 or any other statute may authorize costs.").
 

 Here, Plaintiff sought reimbursement for costs related to travel expenses in preparation for the trial that was to occur on 8 June 2011. The purported costs borne by Plaintiff included: (1) airline tickets; (2) meal expenses; (3) lodging; and, (4) a rental car. Plaintiff alleged she incurred these costs as to herself, as well as on behalf of her father and the children's visitation supervisor.
 

 The trial court ordered Defendant to pay to Plaintiff $4,640.57 in court costs. The trial court did not cite any statutory authority, upon which it based its order. The travel expenses of a party and her non-subpoenaed witnesses are not assessable costs as set forth in N.C. Gen.Stat. § 7A-305(d), nor are these expenses otherwise recognized as an assessable cost "as provided by law." N.C. Gen.Stat. § 7A-305(d).
 
 See
 

 City of Charlotte v. McNeely,
 

 281 N.C. 684
 
 , 694,
 
 190 S.E.2d 179
 
 , 187 (1972) (holding "[n]o statute authorizes the inclusion of" mileage, meals, or hotel expenses "in court costs").
 

 The trial court lacked the statutory authority to assess the travel expenses of Plaintiff and her non-subpoenaed witnesses as costs to be paid by Defendant. The trial court erred in awarding these expenses to Plaintiff as allowable costs. We reverse the trial court's order requiring Defendant to pay $4,640.57 in court expenses to Plaintiff.
 

 B. Attorney's Fees
 

 Defendant argues the trial court abused its discretion in awarding Plaintiff attorney's fees in its 31 March 2014 order. We agree.
 

 North Carolina adheres to the "American Rule" with regard to awards of attorney's fees.
 

 *365
 

 Ehrenhaus v. Baker,
 
 --- N.C.App. ----, ----,
 
 776 S.E.2d 699
 
 , 704 (2015). Under this rule, each litigant is required to pay his or her attorney's fees, unless a statute or agreement between the parties provides otherwise.
 
 In re King,
 

 281 N.C. 533
 
 , 540,
 
 189 S.E.2d 158
 
 , 162 (1972).
 

 N.C. Gen.Stat. § 50-13.6 expressly authorizes a trial court to award attorney's fees in child custody matters. N.C. Gen.Stat. § 50-13.6 provides:
 

 In an action or proceeding for the custody or support, or both, of a minor child, including a motion in the cause for the modification or revocation of an existing order for custody or support, or both, the court may in its discretion order payment of reasonable attorney's fees to an interested party acting in good faith who has insufficient means to defray the expense of the suit. Before ordering payment of a fee in a support action, the court must find as a fact that the party ordered to furnish support has refused to provide support which is adequate under the circumstances existing at the time of the institution of the action or proceeding....
 

 N.C. Gen.Stat. § 50-13.6 (2013).
 

 In order to award attorney's fees in an action involving custody or support of a minor child, the trial court is required to gather evidence and make certain findings of fact. The trial court must first determine if the party moving for attorney's fees has satisfied the statutory requirements for an award pursuant to N.C. Gen.Stat. § 50-13.6.
 

 The trial court must make specific findings of fact relevant to whether: "(1) the interested party acted in good faith; (2) he or she had insufficient means to defray the expenses of the action; and (3) the supporting party refused to provide adequate support under the circumstances existing at the time the action or proceeding commenced."
 
 Leak v. Leak,
 

 129 N.C.App. 142
 
 , 151,
 
 497 S.E.2d 702
 
 , 707,
 
 disc. review denied,
 

 348 N.C. 498
 
 ,
 
 510 S.E.2d 385
 
 (1998).
 

 The trial court does not possess "unbridled discretion; it must find facts to support its award."
 
 Burr v. Burr,
 

 153 N.C.App. 504
 
 , 506,
 
 570 S.E.2d 222
 
 , 224 (2002) (citations omitted). The trial court must make findings of fact to support and show
 
 *397
 
 "the basis of the award, including: the nature and scope of the legal services, the skill and time required, and the relationship between the fees customary in such a case and those requested."
 
 Robinson v. Robinson,
 

 210 N.C.App. 319
 
 , 337,
 
 707 S.E.2d 785
 
 , 798 (2011) (citation omitted). The trial court is also required
 
 *366
 
 to make findings to allocate and show what portion of the attorney's fees was attributable to the custody and child support aspects of the case.
 
 Smith v. Price,
 

 315 N.C. 523
 
 , 538,
 
 340 S.E.2d 408
 
 , 417 (1986).
 

 Here, the trial court made two findings of fact in its order awarding attorney's fees to Plaintiff:
 

 1. Plaintiff's attorney, Eric D. Levine, filed an Affidavit of Attorneys' [sic] Fees on January 15, 2014, which set out his total attorneys' [sic] fees during the entire case. The Affidavit of Attorneys' [sic] Fees of Eric D. Levine states that he had worked 269 hours. Mr. Levine bills his clients at the normal hourly rate of $200.00 per hour, which is fair and equitable considering his experience. The bills of Mr. Levine totaled $53,800.00.
 

 2. Plaintiff did not have sufficient funds to defray the costs and expenses of this lawsuit, including attorneys' [sic] fees.
 

 The trial court noticeably failed to make any findings whatsoever in its order with regard to whether Plaintiff acted in good faith and whether Defendant refused to provide adequate support. The record and transcript before this Court are also wholly devoid of any evidence submitted to show Plaintiff was unable to defray the costs of this action. The trial court's findings of fact, without more, are insufficient to support an award of attorney's fees to Plaintiff under N.C. Gen.Stat. § 50-13.6.
 

 Additionally, the trial court failed to make sufficient findings of fact "upon which a determination of the requisite reasonableness can be based, such as findings regarding the nature and scope of the legal services rendered, the skill and time required, the attorney's hourly rate, and its reasonableness with that of other lawyers."
 
 Cobb v. Cobb,
 

 79 N.C.App. 592
 
 , 595,
 
 339 S.E.2d 825
 
 , 828 (1986) (citations omitted). Plaintiff's counsel's affidavit of attorney's fees included his hourly rate, but merely set forth various dates and hours spent working on this case, without delineating the nature of the work performed for each date.
 

 The trial court failed to make the requisite findings regarding "the nature and scope of the legal services rendered" to support its award of attorney's fees.
 

 Id.
 

 We reverse the trial court's order awarding attorney's fees to Plaintiff and remand.
 

 *367
 

 V. Conclusion
 

 The trial court erroneously ordered Defendant to pay Plaintiff's and her unsubpoenaed witnesses' travel expenses, absent any statutory authority permitting these costs.
 

 The trial court made insufficient findings of fact in support of its order awarding attorney's fees to Plaintiff. The trial court's findings of fact regarding the reasonableness of the amount of the attorney's fees award were also inadequate.
 

 REVERSED AND REMANDED.
 

 Judges CALABRIA and DAVIS concur.