IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA23-365

Filed 6 February 2024

Wake County, Nos. 19 CRS 213338–39; 21 CRS 1031

STATE OF NORTH CAROLINA

v.

JAMES DIA'SHAWN ROBINSON, Defendant.

Appeal by Defendant from judgment entered 27 May 2022 by Judge Rebecca W. Holt in Wake County Superior Court. Heard in the Court of Appeals 4 October 2023.

*Attorney General Joshua H. Stein, by Assistant Attorney General Heidi M. Williams, for the State.*

*Marilyn G. Ozer, for Defendant-Appellant.*

CARPENTER, Judge.

James Dia'Shawn Robinson ("Defendant") appeals from judgment entered after a jury found him guilty of two counts of first-degree murder and four counts of discharging a weapon into an occupied vehicle causing serious bodily injury. On appeal, Defendant argues the trial court erred by: (1) allowing certain text messages into evidence; and (2) denying his challenge to the selection of the jury pool. After careful review, we dismiss Defendant's first argument and disagree with his second argument. Accordingly, we discern no error.

## I. Factual & Procedural Background

On 12 August 2019, a Wake County grand jury indicted Defendant for two counts of first-degree murder. On 24 August 2021, a Wake County grand jury indicted Defendant for four counts of discharging a weapon into an occupied vehicle causing serious bodily injury. Beginning on 13 May 2022, the State tried Defendant in Wake County Superior Court.

During jury selection, Defendant raised a fair-cross-section challenge under the Sixth Amendment, arguing that members of Defendant's race were underrepresented in the jury pool. Of the fifty-member jury pool, thirty-nine were White, eight were Black, and three were Hispanic. Defendant is a Black male.

Defendant offered statistical evidence tending to show Black underrepresentation in the jury pool for his trial, but Defendant admitted that he lacked evidence "that the underrepresentation was due to systematic exclusion of the group in the jury selection process." The trial court denied Defendant's challenge to the jury pool.

At trial, evidence relevant to this appeal tended to show the following. On 16 July 2019, Ryan Veach, an admitted drug dealer, drove Defendant to the parking lot of a skating rink in Raleigh, North Carolina to meet Brendan Hurley and Anthony McCall. During the encounter, Defendant shot and killed Hurley and McCall. Defendant also sustained three gunshot wounds. Defendant and Veach disposed of the bodies and other evidence in various locations around Raleigh.

In order to prove that Defendant and Veach met with Hurley and McCall in order to rob Hurley and McCall, the State sought to introduce text messages between Veach and a third party. The third party was one of Veach's drug customers, to whom Veach allegedly owed money. The challenged text messages concerned Veach's alleged scam of the third party, which was the alleged reason why Veach owed money to the third party. The State offered the text messages to show that Defendant, through Veach, was motivated to rob Hurley and McCall because Veach owed money to the third party.

Defendant objected to the introduction of the text messages because the messages were hearsay, were not illustrative, and lacked a proper foundation. The trial court ruled that only Veach's messages, not the third party's, could be admitted, and the State agreed to allow Veach to read the messages aloud, rather than publishing the document to the jury.

On 27 May 2022, the jury found Defendant guilty of two counts of first-degree murder and four counts of discharging a weapon into an occupied vehicle causing serious bodily injury. The trial court sentenced Defendant to two consecutive terms of life imprisonment without parole for each first-degree murder count. The trial court consolidated the four counts of discharging a weapon into an occupied vehicle causing serious bodily injury and sentenced Defendant to the between sixty and eight-four months of imprisonment, to run concurrently with his life sentences. Defendant gave oral notice of appeal in open court.

## II.     Jurisdiction

This Court has jurisdiction under N.C. Gen. Stat. § 7A-27(b)(1) (2021).

## III.     Issues

The issues on appeal are whether the trial court erred by: (1) allowing Veach's text messages into evidence; and (2) denying Defendant's challenge to the selection of the jury pool.

## IV.     Analysis

### A. Text Messages

First, Defendant challenges the admission of Veach's text messages on several grounds.   Defendant argues that: (1) they are irrelevant;(2) they are unfairly prejudicial; (3) they violate the Confrontation Clause; and (4) they violate Defendant's "right to a fair trial."   After careful review, we dismiss Defendant's arguments because they are not properly before this Court.

"In order to preserve an issue for appellate review, the appellant must have raised that specific issue before the trial court to allow it to make a ruling on that issue." *Regions Bank v. Baxley Com. Props., LLC*, 206 N.C. App. 293, 298–99, 697 S.E.2d 417, 421 (2010) (citing N.C. R. App. P. 10(b)(1)); *State v. Harris*, 253 N.C. App. 322, 327, 800 S.E.2d 676, 680 (2017) (quoting *Weil v. Herring*, 207 N.C. 6, 10, 175 S.E. 836, 838 (1934)) ("The specific grounds for objection raised before the trial court must be the theory argued on appeal because 'the law does not permit parties to swap horses between courts in order to get a better mount in the [appellate court].'").

This rule applies equally to unraised constitutional issues. *State v. Hunter*, 305 N.C. 106, 112, 286 S.E.2d 535, 539 (1982); *State v. Lloyd,* 354 N.C. 76, 86–87, 552 S.E.2d 596, 607 (2001) (citing *State v. Benson,* 323 N.C. 318, 322, 372 S.E.2d 517, 519 (1988)) ("Constitutional issues not raised and passed upon at trial will not be considered for the first time on appeal.").

The North Carolina Supreme Court, however, "has elected to review unpreserved issues for plain error when they involve either (1) errors in the judge's instructions to the jury, or (2) rulings on the admissibility of evidence." *State v. Gregory*, 342 N.C. 580, 584, 467 S.E.2d 28, 31 (1996) (citing *State v. Sierra,* 335 N.C. 753, 761, 440 S.E.2d 791, 796 (1994)).

But when an appellant is limited to plain-error review and fails to make a plain-error argument, we will "only address the grounds under which the contested admission of evidence was objected, as any other grounds have been waived." *Harris*, 253 N.C. App. at 327, 800 S.E.2d at 680; *State v. Frye*, 341 N.C. 470, 496, 461 S.E.2d 664, 677 (1995) (citing N.C. R. App. P. 10(a)(4)) (holding that an appellant "waived appellate review of those arguments by failing specifically and distinctly to argue plain error"); N.C. R. App. P. 10(a)(4) (allowing certain unpreserved arguments in criminal appeals only "when the judicial action questioned is specifically and distinctly contended to amount to plain error").

Furthermore, "[i]t is well-settled that arguments not presented in an appellant's brief are deemed abandoned on appeal." *Davignon v. Davignon*, 245 N.C.

App. 358, 361, 782 S.E.2d 391, 394 (2016) (citing N.C. R. App. P. 28(b)(6)); *State v. Evans*, 251 N.C. App. 610, 625, 795 S.E.2d 444, 455 (2017) (deeming an argument abandoned because the appellant did "not set forth any legal argument or citation to authority").

At trial, Defendant objected to Veach's text messages because they were hearsay, were not illustrative, and lacked a proper foundation. But on appeal, Defendant fails to argue about hearsay, illustration, or foundation. Thus, any such arguments are now abandoned. *See Davignon*, 245 N.C. App. at 361, 782 S.E.2d at 394.

Rather than pressing his trial-court arguments, Defendant now attempts to "swap horses" on appeal. *See Harris*, 253 N.C. App. at 327, 800 S.E.2d at 680. And because Veach's text messages were admitted evidence in a criminal trial, Defendant may press a different argument—so long as he argues plain error. *See Gregory*, 342 N.C. at 584, 467 S.E.2d at 31; *Harris*, 253 N.C. App. at 327, 800 S.E.2d at 680.

Defendant, however, has made no plain-error argument on appeal. Defendant failed to explain the plain-error standard in his brief; indeed, Defendant never even mentioned "plain error" in his brief. In other words, Defendant has failed to "specifically and distinctly . . . argue plain error." *See Frye*, 341 N.C. at 496, 461 S.E.2d at 677. Therefore, Defendant waived his unpreserved arguments and is limited to "the grounds under which the contested admission of evidence was

objected." *See Harris*, 253 N.C. App. at 327, 800 S.E.2d at 680; *Frye*, 341 N.C. at 496, 461 S.E.2d at 677.

But as we detailed above, Defendant failed to make any hearsay, illustration, or foundation arguments on appeal. With those arguments also abandoned, Defendant has no horse left. *See Harris*, 253 N.C. App. at 327, 800 S.E.2d at 680. Therefore, we dismiss Defendant's arguments concerning Veach's text messages because they are not properly before this Court. *See Davignon*, 245 N.C. App. at 361, 782 S.E.2d at 394; *Harris*, 253 N.C. App. at 327, 800 S.E.2d at 680.

## B. Fair Cross Section Challenge

In his final argument, Defendant asserts that his right to an impartial jury was violated, and the trial court erred in denying his fair-cross-section claim. After careful review, we disagree.

"A criminal defendant has a constitutional right to be tried by a jury of his or her peers." *State v. Blakeney*, 352 N.C. 287, 296, 531 S.E.2d 799, 808 (2000) (citing U.S. CONST. amend. VI; N.C. CONST. art. I, §§ 24, 26). "This constitutional guarantee assures that members of a defendant's 'own race have not been systematically and arbitrarily excluded from the jury pool which is to decide [his] guilt or innocence.'" *State v. Bowman*, 349 N.C. 459, 467, 509 S.E.2d 428, 434 (1998) (quoting *State v. McNeill*, 326 N.C. 712, 718, 392 S.E.2d 78, 81 (1990)).

This constitutional right is known as the "fair cross section requirement," and it has three elements:

> (1) that the group alleged to be excluded is a "distinctive" group in the community; (2) that the representation of this group in venires from which juries are selected is not fair and reasonable in relation to the number of such persons in the community; and (3) that this underrepresentation is due to systematic exclusion of the group in the jury-selection process.

*Duren v. Missouri*, 439 U.S. 357, 364, 99 S. Ct. 664, 668, 58 L. Ed. 2d 579, 587 (1979).

Concerning the third element, "statistical evidence indicating a disparity between the number of minorities serving on a jury in relation to the number of minorities in the community, standing alone, is insufficient to prove that the underrepresentation is a product of systematic exclusion of the minority group." *State v. Corpening*, 129 N.C. App. 60, 64, 497 S.E.2d 303, 306 (1998) (citing *State v. Harbison*, 293 N.C. 474, 481, 238 S.E.2d 449, 453 (1977)).

Here, Defendant only offers statistical evidence tending to show disparities to prove systematic exclusion. Indeed, at trial, Defendant admitted that he "lacked the third factor: that the underrepresentation was due to systematic exclusion of the group in the jury selection process." To compensate for this missing element, Defendant now points to several fair-cross-section cases and asserts that "[r]acial disparity in jury pools has been a pervasive, uncured problem in our State which North Carolina's dependence on *Duren* has failed to remedy, affecting the community's sense of justice."

Defendant, however, only offers statistical evidence as proof of systematic exclusion, and without more, he fails to establish a fair-cross-section claim under

*Duren.  See Duren*, 439 U.S. at 364, 99 S. Ct. at 668, 58 L. Ed. 2d at 587; *Corpening*, 129 N.C. App. at 64, 497 S.E.2d at 306.  Therefore, the trial court did not err in denying Defendant's challenge to the jury pool.

## V.  Conclusion

We dismiss Defendant's first issue concerning Veach's text messages because Defendant's arguments are not properly before this Court, and we conclude the trial court did not err in denying Defendant's fair-cross-section claim.

NO ERROR.

Judges TYSON and HAMPSON concur.