IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA23-606

Filed 7 May 2024

New Hanover, Nos. 21 CRS 50349, 50523

STATE OF NORTH CAROLINA

v.

WILLIAM LOGAN BUCK, Defendant.

Appeal by Defendant from judgment entered 24 January 2023 by Judge G. Frank Jones in New Hanover County Superior Court. Heard in the Court of Appeals 24 January 2024.

*Attorney General Joshua H. Stein, by Assistant Attorney General Alexander Hiram Ward, for the State.*

*Carolina Appeal, by Andrew Nelson, for Defendant-Appellant.*

CARPENTER, Judge.

William Logan Buck ("Defendant") appeals from judgment after a jury convicted him of assault with a deadly weapon with the intent to kill inflicting serious injury ("AWDWIKISI"), felony hit and run with serious injury, and robbery with a dangerous weapon. On appeal, Defendant argues the trial court erred by: (1) denying his motion to arrest judgment concerning his felony hit-and-run verdict; (2) failing to arrest judgment concerning his AWDWIKISI verdict; (3) denying his motion to dismiss his felony hit-and-run charge; (4) denying his motion to dismiss his AWDWIKISI charge; (5) instructing the jury that it could convict him for

AWDWIKISI and felony hit and run; and (6) making a clerical error in his felony hit-and-run judgment. After careful review, we disagree with Defendant concerning his first five arguments, but we agree with Defendant concerning his final argument. Accordingly, we remand this case for the trial court to correct a clerical error. Otherwise, we discern no error.

## I.     Factual & Procedural Background

On 19 April 2021, a New Hanover County grand jury indicted Defendant with one count of each of the following: AWDWIKISI, felony hit and run with serious injury, and robbery with a dangerous weapon. The State began trying Defendant on 17 January 2023 in New Hanover County Superior Court.

Trial evidence tended to show the following. On 11 January 2021, Demetrius Moss ("Victim") met Defendant in the Martin Luther King Center parking lot in Wilmington, North Carolina. Defendant intended to sell marijuana to Victim. Defendant was seated in his car when Victim approached. Instead of purchasing marijuana from Defendant, Victim grabbed Defendant's marijuana and ran.

Defendant then accelerated his car, pursued Victim, and hit Victim with his car. The crash-data recorder from Defendant's car showed that directly before the collision with Victim, Defendant's "accelerator percentage" was 99%, which investigating officer Eric Lippert described as "pedal to the medal" and "probably as high as it goes."

After Defendant struck Victim with his car, Defendant exited his car, went through Victim's pockets, removed the marijuana and Victim's phone, and drove away. After twelve surgeries, Victim spent over two months in the hospital recovering from a broken tibia, fibula, and pelvis.

At the close of the State's evidence and again at the close of all evidence, Defendant moved to dismiss all charges. The trial court denied both motions. The trial court instructed the jury on all charges; Defendant did not object to the instructions.

The jury convicted Defendant of each charge. Following the jury's guilty verdicts, Defendant moved to arrest judgment concerning only the felony hit-and-run verdict. The trial court denied the motion.

The trial court then entered three judgments. In the first judgment, the trial court sentenced Defendant to a term of between seventy-three and one hundred months of imprisonment for AWDWIKISI. In the second judgment, the trial court sentenced Defendant to a term of between thirteen and twenty-five months of imprisonment for felony hit and run with serious injury. The second judgment, however, noted that the jury found Defendant guilty of subsection "20-166(E)." In the third judgment, the trial court sentenced Defendant to a term of between sixty-four and eighty-nine months of imprisonment for robbery with a dangerous weapon. The trial court set the second and third judgments to run concurrently with the first. On 3 February 2023, Defendant filed written notice of appeal.

## II.     Jurisdiction

This Court has jurisdiction under N.C. Gen. Stat. § 7A-27(b)(1) (2023)

## III.     Issues

The issues on appeal are whether the trial court erred by: (1) denying Defendant's motion to arrest judgment concerning his felony hit-and-run verdict; (2) failing to arrest judgment concerning his AWDWIKISI verdict; (3) denying Defendant's motion to dismiss his felony hit-and-run charge; (4) denying Defendant's motion to dismiss his AWDWIKISI charge; (5) instructing the jury that it could convict Defendant for AWDWIKISI and felony hit and run with serious injury; and (6) making a clerical error in Defendant's felony hit-and-run judgment.

## IV.     Analysis

### A. Arrest of Judgment

Defendant argues that the trial court erred by failing to arrest judgment concerning his convictions for felony hit and run with serious injury and AWDWIKISI. After careful review, we disagree.

"Whether to arrest judgment is a question of law, and '[q]uestions of law are reviewed *de novo* on appeal.'" *State v. Curry*, 203 N.C. App. 375, 378, 692 S.E.2d 129, 134 (2010) (quoting *Metcalf v. Black Dog Realty, LLC*, 200 N.C. App. 619, 635, 684 S.E.2d 709, 720 (2009)) (alteration in original). Under a de novo review, this Court "'considers the matter anew and freely substitutes its own judgment' for that of the lower tribunal." *State v. Williams*, 362 N.C. 628, 632–33, 669 S.E.2d 290, 294 (2008)

(quoting *In re Greens of Pine Glen, Ltd. P'ship*, 356 N.C. 642, 647, 576 S.E.2d 316, 319 (2003)).

A trial court must arrest a judgment when:

> it is apparent that no judgment against the defendant could be lawfully entered because of some fatal error appearing in (1) the organization of the court, (2) the charge made against the defendant (the information, warrant or indictment), (3) the arraignment and plea, (4) the verdict, [or] (5) the judgment.

*State v. Perry*, 291 N.C. 586, 589, 231 S.E.2d 262, 265 (1977).

### 1. Felony Hit and Run with Serious Injury

Concerning his motion to arrest judgment for his felony hit-and-run conviction, Defendant argues that, under subsection 20-166(a), a "crash" cannot be intentional. *See* N.C. Gen. Stat. § 20-166(a) (2021). Therefore, according to Defendant, it was erroneous for the jury to convict him of AWDWIKISI, an intentional crime, and to also find that he crashed into Victim, because a "crash" is unintentional. We disagree with Defendant.

The meaning of "crash" requires us to interpret section 20-166. *See id.* In statutory interpretation, "[w]e take the statute as we find it." *Anderson v. Wilson*, 289 U.S. 20, 27, 53 S. Ct. 417, 420, 77 L. Ed. 1004, 1010 (1933). This is because "a law is the best expositor of itself." *Pennington v. Coxe*, 6 U.S. (2 Cranch) 33, 52, 2 L. Ed. 199, 205 (1804). And when a statute "contains a definition of a word used therein,

that definition controls, however contrary to the ordinary meaning of the word it may be." *In re Clayton-Marcus Co.*, 286 N.C. 215, 219, 210 S.E.2d 199, 203 (1974).

Under subsection 20-166(a), it is a felony for a driver of a vehicle "involved in a crash" that causes serious bodily injury to leave the scene of the crash. *See* N.C. Gen. Stat. § 20-166(a). A "crash" is "[a]ny event that results in injury or property damage attributable directly to the motion of a motor vehicle or its load. The terms collision, accident, and crash and their cognates are synonymous." *Id.* § 20-4.01(4c).

The General Assembly has not defined "any," so it keeps its ordinary meaning: comprehensive. *See id.*; *Reg'l Acceptance Corp. v. Powers*, 327 N.C. 274, 278, 394 S.E.2d 147, 149 (1990) ("Where words of a statute are not defined, the courts presume that the legislature intended to give them their ordinary meaning determined according to the context in which those words are ordinarily used."); *Midrex Techs., Inc. v. N.C. Dep't of Revenue*, 369 N.C. 250, 258, 794 S.E.2d 785, 792 (2016) (stating that we look to dictionaries to discern a word's common meaning); *Any*, MERRIAM-WEBSTER'S COLLEGIATE DICTIONARY (11th ed. 2003) (defining "any" as "one or some indiscriminately of whatever kind").

Here, Defendant's car caused Victim's injuries. The only dispute is about the relevance of Defendant's intent while driving his car. The statutory definition is clear: A crash is "[a]ny event that results in injury or property damage attributable directly to the motion of a motor vehicle or its load." *See* N.C. Gen. Stat. § 20-4.01(4c). The General Assembly chose not to discriminate between intended events and

unintended events; therefore, so long as there is injury caused by a motor vehicle— intent is irrelevant. *See id*; MERRIAM-WEBSTER'S COLLEGIATE DICTIONARY, *supra*.

Defendant argues to the contrary. He asserts that because the General Assembly equates crashes to accidents, *see* N.C. Gen. Stat. § 20-4.01(4c), crashes must be unintentional. In other words, Defendant argues that because accidents are unintentional, crashes must be unintentional, too.

The General Assembly, however, defined crash—then equated accident to crash. *See id.* Whether the equation complies with the common understanding of accident is irrelevant because when a statute "contains a definition of a word used therein, *that definition controls*, however contrary to the ordinary meaning of the word it may be." *See In re Clayton-Marcus Co.*, 286 N.C. at 219, 210 S.E.2d at 203 (emphasis added). So when the General Assembly equated accident to crash, it gave accident the same legislative definition as crash, despite the commonly understood meaning of accident. *See id.* at 219, 210 S.E.2d at 203.

Accordingly, crash means "[a]ny event that results in injury or property damage attributable directly to the motion of a motor vehicle or its load"—regardless of intent. *See* N.C. Gen. Stat. § 20-4.01(4c).

Defendant also asserts that the rule of lenity requires us to read crash more narrowly. Again, we disagree.

The rule of lenity "forbids a court to interpret a statute so as to increase the penalty that it places on an individual when the Legislature has not clearly stated

such an intention." *State v. Boykin*, 78 N.C. App. 572, 577, 337 S.E.2d 678, 681 (1985). But "[t]he rule of lenity only applies when the applicable criminal statute is ambiguous." *State v. Cates*, 154 N.C. App. 737, 740, 573 S.E.2d 208, 2010 (2002). Indeed, the "rule comes into operation at the end of the process of construing what [the legislature] has expressed, not at the beginning as an overriding consideration of being lenient to wrongdoers." *Callanan v. United States*, 364 U.S. 587, 596, 81 S. Ct. 321, 326, 5 L. Ed. 2d 312, 319 (1961).

As detailed above, section 20-166 is clear; therefore, the rule of lenity does not apply. *See Cates*, 154 N.C. App. at 740, 573 S.E.2d at 210; *Callanan*, 364 U.S. at 596, 81 S. Ct. at 326, 5 L. Ed. 2d at 319. The trial court did not err by declining to arrest Defendant's felony hit-and-run judgment because a driver's intent is irrelevant concerning "crash." *See* N.C. Gen. Stat. § 20-166(a). Accordingly, there was no fatal error requiring the trial court to arrest Defendant's judgment. *See Perry*, 291 N.C. at 589, 231 S.E.2d at 265.

## 2. AWDWIKISI

Standing on his misconception of "crash," Defendant asserts that if the trial court did not err by declining to arrest his felony hit-and-run judgment, the trial court must have erred in failing to arrest his AWDWIKISI judgment. We disagree.

"Any person who assaults another person with a deadly weapon with intent to kill and inflicts serious injury" is guilty of AWDWIKISI. N.C. Gen. Stat. § 14-32(a) (2021).

Unlike his felony hit-and-run judgment, Defendant failed to move the trial court to arrest his AWDWIKISI judgment. And generally,"[i]n order to preserve an issue for appellate review, the appellant must have raised that specific issue before the trial court to allow it to make a ruling on that issue." *Regions Bank v. Baxley Com. Props., LLC*, 206 N.C. App. 293, 298–99, 697 S.E.2d 417, 421 (2010) (citing N.C. R. App. P. 10(b)(1)).

In criminal cases, certain unpreserved issues qualify for "plain error" review, but issues regarding arresting judgments do not. *See State v. Gregory*, 342 N.C. 580, 584, 467 S.E.2d 28, 31 (1996) (citing *State v. Sierra,* 335 N.C. 753, 761, 440 S.E.2d 791, 796 (1994)) (noting that we "review unpreserved issues for plain error when they involve either (1) errors in the judge's instructions to the jury, or (2) rulings on the admissibility of evidence"). Accordingly, we need not review Defendant's motion-to-arrest argument concerning his AWDWIKISI judgment because his argument is unpreserved and does not involve jury instructions or admissibility of evidence. *See id*.

Defendant, however, asks us to use Rule 2 to address his AWDWIKISI argument. *See* N.C. R. App. P. 2. Under Rule 2, we may "suspend or vary the requirements or provisions of" our Rules of Appellate Procedure. *See id*. But we only invoke Rule 2 "to consider, in exceptional circumstances, significant issues of importance in the public interest or to prevent injustice which appears manifest to the Court and only in such instances." *Steingress v. Steingress*, 350 N.C. 64, 66, 511

S.E.2d 298, 299–300 (1999) (citing *Blumenthal v. Lynch*, 315 N.C. 571, 578, 340 S.E.2d 358, 362 (1986)).

Here, as detailed above, Defendant's intent argument fails: Convictions of AWDWIKISI and felony hit and run with serious injury are not mutually exclusive because assault is intentional, and a "crash" can also be intentional. *See* N.C. Gen. Stat. §§ 14-32(a), 20-4.01(4c), 20-166(a). This case is not the "exceptional circumstance" required to invoke Rule 2. *See Steingress*, 350 N.C. at 66, 511 S.E.2d at 299–300. Therefore, we dismiss Defendant's motion-to-arrest argument concerning his AWDWIKISI conviction.

**B. Motions to Dismiss Charges**

Next, Defendant argues that the trial court erred by denying his motions to dismiss. We review a denial of a motion to dismiss de novo. *State v. Smith*, 186 N.C. App. 57, 62, 650 S.E.2d 29, 33 (2007). And under a de novo review, this Court "'considers the matter anew and freely substitutes its own judgment' for that of the lower tribunal." *Williams*, 362 N.C. at 632–33, 669 S.E.2d at 294 (quoting *In re Greens of Pine Glen, Ltd. P'ship*, 356 N.C. at 647, 576 S.E.2d at 319).

"Upon defendant's motion for dismissal, the question for the Court is whether there is substantial evidence (1) of each essential element of the offense charged, or of a lesser offense included therein, and (2) of defendant's being the perpetrator of such offense. If so, the motion is properly denied." *State v. Fritsch*, 351 N.C. 373, 378, 526 S.E.2d 451, 455 (2000) (quoting *State v. Barnes*, 334 N.C. 67, 75, 430 S.E.2d

914, 918 (1993)).  "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *State v. Smith*, 300 N.C. 71, 78, 265 S.E.2d 164, 169 (1980).

In evaluating the sufficiency of the evidence concerning a motion to dismiss, the evidence must be considered "in the light most favorable to the State; the State is entitled to every reasonable intendment and every reasonable inference to be drawn therefrom . . . ."  *State v. Winkler*, 368 N.C. 572, 574–75, 780 S.E.2d 824, 826 (2015) (quoting *State v. Powell*, 299 N.C. 95, 99, 261 S.E.2d 114, 117 (1980)).  In other words, if the record developed at trial contains "substantial evidence, whether direct or circumstantial, or a combination, 'to support a finding that the offense charged has been committed and that the defendant committed it, the case is for the jury and the motion to dismiss should be denied.'"  *Id*. at 575, 780 S.E.2d at 826 (quoting *State v. Locklear*, 322 N.C. 349, 358, 368 S.E.2d 377, 383 (1988)).

### 1.  Felony Hit and Run with Serious Injury

Defendant does not contest the sufficiency of the evidence concerning every element of felony hit and run with serious injury.  Rather, Defendant echoes his motion-to-arrest argument: That the second element of felony hit and run with serious injury is not satisfied because "the event would not qualify as a 'crash' under section 20-166."

Felony hit and run with serious injury requires the State to prove that:

(1) Defendant was driving a vehicle; (2) Defendant knew or

reasonably should have known that the vehicle was involved in a crash; (3) Defendant knew or reasonably should have known that the crash resulted in serious bodily injury to or the death of another; (4) Defendant did not immediately stop his vehicle at the scene of the crash; and (5) Defendant's failure to stop was willful.

*State v. Gibson*, 276 N.C. App. 230, 240, 855 S.E.2d 533, 540 (2021) (citing N.C. Gen. Stat. § 20-166(a)).

As detailed above, Defendant's act qualifies as a crash. Further, the State satisfied the second element of felony hit-and-run by offering testimony that Defendant intentionally pursued and struck Victim with his car. *See id.* at 240, 855 S.E.2d at 540. Trial testimony about this event is substantial evidence because it is such "relevant evidence as a reasonable mind might accept as adequate to support a conclusion" that Defendant intentionally hit Victim with his car. *See Smith*, 300 N.C. at 78, 265 S.E.2d at 169.

Concerning the remaining felony hit-and-run elements, "[i]t is well-settled that arguments not presented in an appellant's brief are deemed abandoned on appeal." *Davignon v. Davignon*, 245 N.C. App. 358, 361, 782 S.E.2d 391, 394 (2016) (citing N.C. R. App. P. 28(b)(6)); *State v. Evans*, 251 N.C. App. 610, 625, 795 S.E.2d 444, 455 (2017) (deeming an argument abandoned because the appellant did "not set forth any legal argument or citation to authority"). Because Defendant makes no argument concerning the sufficiency of evidence supporting the other elements of felony hit and run, all such arguments are abandoned. *See Davignon*, 245 N.C. App. at 361, 782

S.E.2d at 394. Thus, the trial court did not err in denying Defendant's motion to dismiss his felony hit-and-run charge. *See Fritsch*, 351 N.C. at 378, 526 S.E.2d at 455.

## 2. AWDWIKISI

Again, Defendant does not contest the sufficiency of the evidence concerning every element of AWDWIKISI. Defendant merely stands on his same motion-to-arrest argument. He argues that if he committed felony hit and run with serious injury, he could not have committed AWDWIKISI. We disagree.

AWDWIKISI requires: "(1) [a]n assault, (2) with a deadly weapon, (3) with intent to kill, (4) inflicting serious injury, (5) *not resulting in death*." *State v. Meadows*, 272 N.C. 327, 331, 158 S.E.2d 638, 640 (1968) (citing N.C. Gen. Stat. § 14-32).

As explained above, AWDWIKISI and felony hit and run with serious injury are not mutually exclusive. *See* N.C. Gen. Stat. §§ 14-32(a), 20-4.01(4c), 20-166(a). The State satisfied the assault prong of AWDWIKISI by offering testimony that Defendant purposefully pursued Victim and hit him with his car. *See Meadows*, 272 N.C. at 331, 158 S.E.2d at 640. Trial testimony about this event is substantial evidence because it is such "relevant evidence as a reasonable mind might accept as adequate to support a conclusion" that Defendant intentionally hit Victim with his car. *See Smith*, 300 N.C. at 78, 265 S.E.2d at 169.

Because this is the only argument offered by Defendant, we will not address the remaining elements of AWDWIKISI. *See Davignon*, 245 N.C. App. at 361, 782 S.E.2d at 394. Thus, we discern no error concerning the trial court's denial to dismiss Defendant's AWDWIKISI charge. *See Fritsch*, 351 N.C. at 378, 526 S.E.2d at 455.

## C. Jury Instructions

Next, Defendant argues that the trial court erred by giving jury instructions on felony hit and run and AWDWIKISI because it is impossible to be convicted of both crimes. We disagree.

Defendant did not object to the trial court's jury instructions, so he failed to preserve his jury-instruction argument for appeal. *See Regions Bank*, 206 N.C. App. at 298–99, 697 S.E.2d at 421. But because this issue involves jury instructions in a criminal case, we will review for plain error. *See Gregory*, 342 N.C. at 584, 467 S.E.2d at 31.

To find plain error, this Court must first determine that an error occurred at trial. *See State v. Towe*, 366 N.C. 56, 62, 732 S.E.2d 564, 568 (2012). Second, Defendant must demonstrate the error was "fundamental," which means the error probably caused a guilty verdict and "seriously affect[ed] the fairness, integrity, or public reputation of judicial proceedings." *State v. Grice*, 367 N.C. 753, 764, 767 S.E.2d 312, 320–21 (2015) (quoting *State v. Lawrence*, 365 N.C. 506, 518–19, 723 S.E.2d 326, 334–35 (2012)). Notably, the "plain error rule . . . is always to be applied cautiously and only in the exceptional case . . . ." *State v. Odom*, 307 N.C. 655, 660,

- 14 -

300 S.E.2d 375, 378 (1983) (quoting *United States v. McCaskill*, 676 F.2d 995, 1002 (4th Cir. 1982)).

Concerning jury instructions, the trial court must accurately "instruct the jury on the law applicable to the substantive features of the case arising on the evidence." *State v. Robbins*, 309 N.C. 771, 776, 309 S.E.2d 188, 191 (1983).

Once again, AWDWIKISI and felony hit and run with serious injury are not mutually exclusive. *See* N.C. Gen. Stat. §§ 14-32(a), 20-4.01(4c), 20-166(a). Accordingly, the trial court did not err in giving jury instructions on both and allowing the jury to convict Defendant of both. *See Robbins*, 309 N.C. at 776, 309 S.E.2d at 191. Because the trial court did not err, it certainly did not plainly err. *See Towe*, 366 N.C. at 62, 732 S.E.2d at 568.

## D. Clerical Error

Finally, Defendant argues that the trial court erred because the second judgment contains a clerical error. We agree.

When we discern a clerical error in a judgment, we remand so the trial court can comply with its "duty to make its records speak the truth." *State v. Linemann*, 135 N.C. App. 734, 738, 522 S.E.2d 781, 784 (1999) (quoting *State v. Cannon,* 244 N.C. 399, 403, 94 S.E.2d 339, 342 (1956)). A clerical correction on remand "does not constitute a new conviction or judgment." *Id*. at 738, 522 S.E.2d at 784.

Here, the second judgment noted that the jury found Defendant guilty of subsection "20-166(E)," rather than the appropriate subsection, (a). *See* N.C. Gen.

Stat. § 20-166(a).  Therefore, we remand for the trial court to correct the judgment to show a conviction under subsection 20-166(a).  *See id.*; *Linemann*, 135 N.C. App. at 738, 522 S.E.2d at 784.

## V.     Conclusion

We conclude that the trial court did not err by declining to arrest Defendant's judgments, declining to grant his motions to dismiss, or by instructing the jury on both felony hit and run with serious injury and AWDWIKISI.  But the trial court did commit a clerical error in its felony hit-and-run judgment.  Accordingly, we remand only for the trial court to correct the clerical error.

REMANDED.

Judges HAMPSON and GORE concur.